UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

FOREO INC.,

     Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE
A,

     Defendants.

_____/

## COMPLAINT

Plaintiff FOREO INC. ("Foreo" or "Plaintiff"), by and through undersigned counsel, hereby sues Defendants, the individuals, corporations, limited liability companies, partnerships, and unincorporated associations and foreign entities identified on Schedule A (collectively, "Defendants"). Defendants are promoting, selling, offering for sale, and importing goods into the United States that infringe FOREO's patents, within this district, through various Internet based e-commerce stores using the seller identities set forth on Schedule A (the "Seller IDs"), and alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for patent infringement to combat e-commerce store operators who trade upon Plaintiff's reputation and goodwill by making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use, unauthorized and unlicensed products that infringe Plaintiff's utility and design patents. Plaintiff's utility patents include U.S. Patent

Nos. US 9,889,065 B2, US 10,349,788 B1, US 11,633,073 B2, and US 9,578,956 B2 (collectively the "Utility Patents").  In addition, Plaintiff's design patents include US D698,455 S, US D716,961 S, US D734,481 S, S D774,772 S, US D771,952 S, US D882,104 S, US D882,810 S, US D773,064 S, US D760,912 S, US D799,711 S, and US D776,438 S (collectively, the "Design Patents"). Together, the Utility Patents and the Design Patents are referred to as the "FOREO Patents".

2.      The FOREO Patents are valid, subsisting, and in full force and effect. Plaintiff is the owner and lawful assignee of all right, title, and interest in and to the FOREO Patents, which were duly and legally issued by the United States Patent and Trademark Office. True and correct copies of the FOREO Patents are attached hereto as **Exhibit 1**.

3.      Each of the Defendants directly and/or indirectly imports, develops, designs, manufactures, distributes, markets, offers to sell and/or sells products infringing Plaintiff's FOREO Patents (the "Infringing Products") in the United States, including in this Judicial District, and otherwise purposefully directs infringing activities to this district in connection with the Infringing Products. Defendants conduct this activity through their numerous fully interactive commercial Internet e-commerce stores operating under the online marketplace accounts and Seller IDs (collectively, the "Defendant Internet Stores"), including but not limited to the platforms Amazon.com ("Amazon"), DHGate.com ("DHGate"), eBay.com ("eBay"), Walmart.com ("Walmart"), and Wish.com ("Wish").

4.      The Defendant Internet Stores are designed to appear to be selling Plaintiff's genuine FOREO products (the "FOREO Products"), while selling inferior imitations of such products.

5.      The Defendant Internet Stores share unique identifiers, such as design elements and similarities among their Infringing Products offered for sale, establishing a logical relationship

2

between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences.

6.      Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation. Plaintiff is forced to file this action to combat Defendants' infringement of Plaintiff's patents, as well as to protect unknowing consumers from purchasing the Infringing Products over the Internet.

7.      As a result of Defendants' actions, Plaintiff has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing products embodying the designs and inventions protected by the FOREO Patents, and, therefore, seek injunctive and monetary relief.

8.      The harm and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful use, advertisement, promotion, offers to sell, and sale of the Infringing Products.

9.      This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Florida and in this Judicial District, and the acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in Florida and in this Judicial District.

10.     In addition, each Defendant has offered to sell and ship Infringing Products into this Judicial District.

## JURISDICTION AND VENUE

11.     This Court has original subject matter jurisdiction over the patent infringement claims arising under the patent laws of the United States pursuant to 35 U.S.C. § 1 *et seq.*, §§ 271, 285, 283, 284, 285, 289, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1331.

12.     Defendants are subject to personal jurisdiction in this district because they direct business activities toward and conduct business with consumers through the United States, including within the State of Florida and this district, through at least the Internet based e-commerce stores and fully interactive commercial internet websites accessible in Florida and operating under the Defendant Internet Stores and Seller IDs.

13.     Upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including those in Florida, in this Judicial District, through accounts with online marketplace platforms such as Amazon, DHgate, eBay, Walmart, and Wish (collectively, the "Marketplace Platforms") as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("User Account(s)"), through which consumers in the U.S., including Florida (and more particularly, in this Judicial District), can view the one or more of Defendants' online marketplace accounts that each Defendant operates ("Defendants' Merchant Storefronts"), uses to communicate with Defendants regarding their listings for Infringing Products (as defined *infra*) and to place orders for, receive invoices for and purchase Infringing Products for delivery in the U.S., including Florida (and more particularly, in this Judicial District), as a means for establishing regular business with the U.S., including Florida (and more particularly, in this Judicial District).

14.     Upon information and belief, Defendants have transacted business with consumers located in the U.S., including Florida (and more particularly, in this Judicial District), for the sale and shipment of Infringing Products.

15.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a)

because Defendants have committed acts of patent infringement in this Judicial District, do substantial business in the Judicial District, have registered agents in this Judicial District, and reside or may be found in this district.

## PLAINTIFF FOREO

16.     Plaintiff FOREO is a corporation incorporated under the laws of Nevada with its principal place of business in the United States located at 1525 East Pama Ln., Suite 200, Las Vegas, Nevada, 89119, and is the registered owner of both the FOREO Patents referred to above and with its federal registrations attached as Exhibit 1.

17.     FOREO is a pioneer in the high-end beauty and wellbeing solutions space. Among its many groundbreaking offerings, FOREO offers and sells a line of skincare devices.  The devices are a revolutionary line of facial cleansing brushes designed to minimize the appearance of blemishes while effectively addressing concerns related to aging skin.  They have a unique silicone surface with specially designed touch points and an oscillating motor allowing an unprecedented cleansing experience.

## THE FOREO PRODUCTS

18.     Plaintiff is the official source of FOREO Products in the United States.

19.     Plaintiff is the owner and lawful assignee of all right, title, and interest in and to the FOREO Patents (attached as Exhibit 1).

20.     The FOREO Products utilize the technology and inventions claimed in the Utility Patents and in most instances likewise embody at least a portion of the designs depicted in the Design Patents.

## THE DEFENDANTS

21.     Defendants are individuals and business entities who, upon information and belief,

reside mainly in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States including within Florida and in this Judicial District, through the operation of fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores and Seller IDs. Each Defendant targets the United States, including Florida, and has offered to sell and, on information and belief, has sold and continues to sell, products that infringe FOREO's intellectual property to consumers within the United States, including Florida and in this Judicial District.

22.     Defendants are the past and present controlling forces behind the sale and offer for sale of the products that infringe FOREO's intellectual property rights as described herein using the Seller IDs.

23.     Defendants directly compete with FOREO by advertising, offering for sale, selling and importing goods that infringe the FOREO Patents to consumers within the United States and this district through Internet based e-commerce stores using, at least, the Seller IDs and additional names or seller identification aliases not yet known to FOREO. Defendants have purposefully directed at least a portion of their illegal activities towards consumers in the State of Florida through advertisement, offers to sell, sale, and/or shipment of infringing goods into the State.

24.     On information and belief, Defendants have anonymously registered and maintained some of the Seller IDs for the sole purpose of engaging in illegal infringing activities.

25.     On information and belief, Defendants will continue to register or acquire new seller identification aliases for the purpose of selling and offering for sale goods that infringe the FOREO Patents unless preliminarily and permanently enjoined.

## THE DEFENDANTS' UNLAWFUL CONDUCT

26.     The success of the FOREO Products has resulted in a significant number of

6

products that infringe FOREO's Patents and other intellectual property rights in the market.

27.     Plaintiff has identified numerous domain names linked to fully interactive websites and marketplace listings on platforms such as Amazon, DHgate, eBay, Walmart, and Wish, including the Defendants' Merchant Storefronts, which were and/or are offering for sale, selling, and importing products that infringe the FOREO Patents to consumers in this Judicial District and throughout the United States.

28.     Defendants have persisted in creating such online marketplaces and internet stores, like the Defendant Internet Stores.  In fact, such online marketplaces and stores are estimated to receive tens of millions of visits per year and to generate over $135 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by the United States Department of Homeland Security, the manufacturer's suggested retail price of goods seized by the U.S. government in fiscal year 2020 was over $1.3 billion. Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

29.     On personal knowledge and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine FOREO Products.

30.     Many of the Defendant Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Western Union, and PayPal. Defendant Internet Stores often include images and design elements that make it very difficult for consumers to distinguish such counterfeit sites from an authorized website.

31.     Defendants further perpetuate the illusion of legitimacy by offering "live 24/7" customer service and using indicia of authenticity and security that consumers have come to

associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard®, and PayPal® logos.

32.     Plaintiff has not licensed or authorized Defendants to use the FOREO Patents, and none of the Defendants are authorized retailers of genuine FOREO Products.

33.     On personal knowledge and belief, Defendants deceive unknowing consumers by using at least a portion of the FOREO Patents without authorization within the product descriptions of their Defendant Internet Stores to attract customers.

34.     Upon information and belief, Defendants use unauthorized search engine optimization ("SEO") tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results and misdirect consumers searching for genuine FOREO Products. Further, Defendants utilize similar illegitimate SEO tactics to propel new domain names to the top of search results after others are shut down. As such, Plaintiff also seeks to disable Defendant Domain Names owned by Defendants that are the means by which the Defendants could continue to sell infringers FOREO Products into this District.

35.     On information and belief, Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores.

36.     For example, it is common practice for persons selling Infringing Products to register their domain names and/or User Accounts with incomplete information, randomly typed letters, or omitted cities or states.

37.     And many Defendant Domain Names use privacy services that conceal the owners' identity and contact information. On personal knowledge and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in

Schedule A to the Complaint, as well as other unknown fictitious names and addresses.

38.     On personal knowledge and belief, even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores.   For example, some of the Defendant Internet Stores have virtually identical layouts, even though different aliases were used to register the respective domain names.

39.     In addition, the Infringing Products for sale in the Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the Infringing Products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

40.     The Defendant Internet Stores also include other notable common features, including accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images.

41.     In addition, Defendants in this case and defendants in other similar cases against online sellers of infringing products use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under User Accounts once they receive notice of a lawsuit.

42.     Sellers of infringing products also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring take down demands sent by intellectual property owners.

43.     Sellers of infringing products also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. A 2012 U.S.

Customs and Border Protection report on seizure statistics indicated that the Internet has fueled "explosive growth" in the number of small packages of counterfeit goods shipped through the mail and express carriers.

44.     Further, sellers of infringing products such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts.

45.     On personal knowledge and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore counterfeiters regularly move funds from U.S.-based PayPal accounts to foreign-based bank accounts outside the jurisdiction of this Court.

46.     Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the FOREO Patents in connection with the advertisement, distribution, offering for sale, and sale of Infringing Products into the United States and Florida over the Internet.

47.     Each Defendant Internet Store offers shipping to the United States, including Florida (in this Judicial District) and, on information and belief, each Defendant has offered to sell products infringing FOREO's Patents into the United States, including Florida (in this Judicial District), which is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

48.     As described below, Defendants are promoting, offering for sale, selling and importing into the United States Infringing Products that directly infringe the FOREO Patents through at least the Internet e-commerce stores operating under the Defendant Internet Stores and

Seller IDs.

49.     Defendants' infringing activities are done without Plaintiff's consent or authorization.

50.     Defendants' infringing activities described herein have caused and continue to cause significant harm to Plaintiff including lost sales, price erosion, lost market share and a significant negative impact on Plaintiff's goodwill.

51.     Plaintiff has no adequate remedy at law.

52.     Plaintiff is suffering irreparable injury and has suffered substantial damages as a result of Defendants' unauthorized and wrongful use of the FOREO Patents.  If Defendants' infringement is not preliminarily and permanently enjoined by this Court, Plaintiff will continue to be harmed.

**FIRST CAUSE OF ACTION**
**UTILITY PATENT INFRINGEMENT (35 U.S.C. § 271)**

53.     Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1–52 of this Complaint.

54.     Defendants are manufacturing, distributing, offering for sale, selling, and/or importing into the United States, products which infringe directly or indirectly on at least one or more of the Utility Patents both literally and under the doctrine of equivalents.

55.     Defendants have infringed the Utility Patents through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from manufacturing, distributing, selling, offering for sale, and/or importing the patented inventions as well as the loss of sales stemming from the infringing acts. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.Unless a preliminary and permanent injunction is issued enjoining

Defendants and all others acting in concert therewith from infringing the 'Utility Patents, Plaintiff will continue to be irreparably harmed.

56.     Defendants' infringement of the Utility Patents in connection with the Infringing Products has been and continues to be willful.

57.     Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Patent Act, including recovering damages adequate to compensate for the infringement, as well as Defendants' profits pursuant to 35 U.S.C. § 289, and any other damages as appropriate pursuant to 35 U.S.C. § 284.

**SECOND CAUSE OF ACTION**
**DESIGN PATENT INFRINGEMENT (35 U.S.C. § 271)**

58.     Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1–52 of this Complaint.

59.     Defendants are and have been making, using, selling, offering for sale, and/or importing into the United States for subsequent sale or use, without authority, Infringing Products that infringe directly and/or indirectly the Design Patents.

60.     For example, below is a comparison of figures from Plaintiff's Design Patents and images of one of Defendants' Infringing Products sold on a Defendant Internet Store.

Figures from the Design Patents



Exemplary Infringing Products Sold on Defendant Internet Store



61.     Defendants' activities constitute willful patent infringement under 35 U.S.C. § 271.

62.     Defendants have infringed the Design Patents through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention.

13

63.     Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

64.     Plaintiff is entitled to recover damages adequate to compensate for the infringement pursuant to 35 U.S.C. §§ 284 289, including Defendants' profits.

**FOR RELIEF**

WHEREFORE, Plaintiff demands judgment on all Counts of this Complaint and an award of equitable and monetary relief against Defendants as follows:

a)     That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

i.     making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not authorized by Plaintiff and that utilize the invention or technology as claimed in any of the claims of the Utility Patents;

ii.     making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not authorized by Plaintiff and that include any reproduction, embodiment, copy or colorable imitation of the designs claimed in the Design Patents;

iii.     passing off, inducing, or enabling others to sell or pass off any product as a genuine FOREO Product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the FOREO Patents;

iv.     committing any acts calculated to cause consumers to believe that Defendants' Infringing Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

v.      further infringing the FOREO Patents and damaging Plaintiff's goodwill;

vi.      aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the FOREO Patents;

vii.      shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which infringe any of the FOREO Patents;

viii.      using, linking to, transferring, selling, exercising control over, or otherwise owning any online marketplace accounts, the Defendant Internet Stores, or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell Infringing Products; and

ix.      operating and/or hosting online marketplace accounts at the Defendant Internet Stores that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product infringing any of the FOREO Patents.

b)      Entry of an Order that Amazon, DHgate, eBay, Walmart, Wish, and any other online marketplace account provider:

i.      disable and cease providing services for any accounts through which Defendants engage in the sale of Infringing Products, including any accounts associated with the Defendants listed on Schedule A;

ii.      disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Infringing Products; and

       iii.      take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index.

      c)      That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for Defendants' infringement of the FOREO Patents, but in no event less than a reasonable royalty for the use made of the invention by the Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284.

      d)      That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of Plaintiff's FOREO Patents be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

      e)      In the alternative, that Plaintiff be awarded all profits realized by Defendants from Defendants' infringement of Plaintiff's FOREO Patents, pursuant to 35 U.S.C. § 289;

      f)      That Plaintiff be awarded its reasonable attorneys' fees and costs; and

      g)      Award any and all other relief that this Court deems just and proper.

Dated: September 21, 2023         Respectfully submitted,

                     */s/ Rossana Baeza*
                     Rossana Baeza (FL Bar No. 1007668)
                     BOIES SCHILLER FLEXNER LLP
                     100 SE 2nd Street, Suite 2800
                     Miami, FL 33131
                     Tel: (305) 357-8415
                     rbaeza@bsfllp.com

                     *Counsel for Plaintiff Foreo Inc.*