United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Foreo Inc., Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| The Individuals, Corporations, ) | Civil Action No. 23-23631-Civ-Scola |
| Limited Liability Companies, ) | |
| Partnerships, and Unincorporated ) | |
| Associations Identified on Schedule ) | |
| A, Defendants. ) | |

### Order Requiring Materials for *Ex Parte* Application for Entry of Temporary Restraining Order

This matter is before the Court on the Plaintiff's *ex parte* application, pursuant to 15 U.S.C. § 1116, 17 U.S.C. § 502, Fed. R. Civ. P. 65, and The All Writs Act, 28 U.S.C § 1651(a), for entry of a temporary restraining order, including a temporary injunction, a temporary transfer of the Defendant internet stores, a temporary asset restraint, expedited discovery, and upon expiration of the temporary restraining order, a preliminary injunction against the Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule A to the Complaint (collectively, the "Defendants"). (Appl., ECF No. 6.)

The Plaintiff's application asks the Court to enter a temporary restraining order and for other relief pertaining to the accounts used by 354 separate Defendants. In support thereof, the Plaintiff provides "representative screenshot printouts" from only some of the Defendants' e-commerce stores. (E. Feldstein Decl. ¶ 14, ECF No. 6-1.) Specifically, the application is accompanied by the Declaration of Evan Feldstein, the Plaintiff's General Manager, who "certifies that similar evidence was obtained and reviewed for each and every Defendant identified in Schedule A," and that the "[c]omplete copies of screenshots for each and every Defendant can be immediately provided to the Court under seal upon request." (E. Feldstein Decl. ¶ 14 n.1, ECF No. 6-1.)

The Court orders the Plaintiff to file the evidence for each and every Defendant identified on Schedule A. Among other reasons, Rule 65 specifies that a "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . **specific facts** in an affidavit or a verified complaint clearly show that immediate and irreparable

injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. Pro. 65(b)(1)(A) (emphasis added). Without prejudging the merits of the Plaintiff's application, the Court notes that it is doubtful whether the representative screenshot printouts the Plaintiff has provided can meet the requirements of Rule 65 given that the Plaintiff seeks to enjoin the conduct of 354 separate Defendants.[1]

Accordingly, the Plaintiff is **ordered** to provide documentary evidence of the purportedly infringing products for each and every one of the 354 Defendants identified on Schedule A. In so doing, the Plaintiff shall organize and label the information in a way that facilitates the Court's review of the purportedly infringing products for each online shop. The Plaintiff may file the evidence under seal.

Finally, the Court also notes that the Plaintiff's application fails to comply with Fed. R. Civ. Pro. 65(b)(1)(B), which requires that the Plaintiff's "attorney certif[y] in writing any efforts made to give notice [to the Defendants] and the reasons why it should not be required." The Plaintiffs are **ordered** to provide the missing certification simultaneously with the outstanding documentary evidence.

**Done and ordered** in Miami, Florida, on September 27, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

---

[1] While Schedule A to the application includes links to each one of the Defendants' online marketplaces, the majority, if not all, the links, are not working. In addition, it is not the Court's job to sift through each one of these marketplaces to identify the purportedly infringing products.