United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Foreo Inc., Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| The Individuals, Corporations, | ) | Civil Action No. 23-23631-Civ-Scola |
| Limited Liability Companies, | ) | |
| Partnerships, and Unincorporated | ) | |
| Associations Identified on Schedule | ) | |
| A, Defendants. | ) | |

## Second Order Requiring Materials for *Ex Parte* Application for Entry of Temporary Restraining Order

This matter is before the Court on the Plaintiff's *ex parte* application, pursuant to 15 U.S.C. § 1116, 17 U.S.C. § 502, Fed. R. Civ. P. 65, and The All Writs Act, 28 U.S.C § 1651(a), for entry of a temporary restraining order, including a temporary injunction, a temporary transfer of the Defendant internet stores, a temporary asset restraint, expedited discovery, and upon expiration of the temporary restraining order, a preliminary injunction against the Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule A to the Complaint (collectively, the "Defendants"). (Appl., ECF No. 6.)

Previously, the Court entered an initial order requiring materials for the Plaintiff's *ex parte* application, which directed the Plaintiff "to provide documentary evidence of the purportedly infringing products for each and every one of the 354 Defendants identified on Schedule A" and specified that "[i]n so doing, the Plaintiff **shall organize and label the information in a way that facilitates the Court's review** of the purportedly infringing products for each online shop." (*See* ECF No. 17 (emphasis added).) Instead of adhering to the Court's instructions, the Plaintiff has submitted over 6,000 pages of unlabeled screenshots that fail to identify the Defendants to which they correspond in any discernible manner. Many of the pages submitted do not evidence the infringing products at all, but instead needlessly reflect irrelevant portions of the products' webpages, advertisements and all. The Court's review of these materials is further encumbered by the fact that the Plaintiff seeks to enjoin the conduct of 354 separate Defendants whose products purportedly infringe on the Plaintiff's patent. In short, the Plaintiff has ignored the Court's instruction to organize and label the information in a

way that facilitates the Court's review for each online shop, and the Court will not sift through 6,000 pages to try to match each of the 354 Defendants to the evidence of its infringing product.

Accordingly, the Court once again **orders** the Plaintiff to file these materials in a manner that is organized and labeled to facilitate the Court's review. (*See* ECF No. 17.) Specifically, the Plaintiff should include each Defendant seller name along with the screenshot of the relevant portions of its specific online marketplace showing the allegedly infringing product. For reference, the Plaintiff may refer to how other plaintiffs in similar cases have prepared their filings. *See, e.g., Adidas AG, et al. v. Hkitmart, et al.*, Case No. 0:23-cv-61085-RNS (S.D. Fla.), ECF Nos. 6-3, 6-6, 6-7; *Max'is Creations Inc. v. Xiamen Balance Electronic Commerce Co., Ltd., et al.*, Case No. 1:23-cv-20341-RNS (S.D. Fla.), ECF No. 9.

Finally, the Plaintiff has up to and including **November 14, 2023**, to file the amended materials.

**Done and ordered** in Miami, Florida, on October 31, 2023.

_____
Robert N. Scola, Jr.
United States District Judge