United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Foreo Inc., Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A, Defendants. | ) Civil Action No. 23-23631-Civ-Scola ) ) ) ) |

### SEALED Order Granting *Ex Parte* Application for Temporary Restraining Order and Setting Hearing

This cause comes before the Court upon Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets (the "Application"). (ECF No. 6.) By way of the Application, the Plaintiff Foreo, Inc. ("Plaintiff" or "Foreo") moves *ex parte*, for entry of a temporary restraining order against the Defendants, the Individuals, Business Entities, and Unincorporated Associations identified on Schedule A to the Complaint (collectively, the "Defendants"), and an entry of an order restraining the financial accounts used by Defendants, pursuant to 35 U.S.C. § 283,[1] Fed. R. Civ. P. 65, and The All Writs Act, 28 U.S.C. § 1651(a). The Court has carefully reviewed the Application and the record and is otherwise fully advised in the premises. For the reasons set forth herein, the Plaintiff's *Ex Parte* Application for Entry of a Temporary Restraining Order is **granted**. (**ECF No. 6**.)

1. **Factual Background**[2]

On September 21, 2023, the Plaintiff filed the present action for patent infringement, alleging that the Defendants, through e-commerce stores, are making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use, unauthorized and unlicensed products that infringe Plaintiff's utility and design patents. (ECF No. 1.)

The Plaintiff owns all exclusive rights in various patents for FOREO

---

[1] Instead of 35 U.S.C. § 283, the Plaintiff's Application and proposed order cite to 15 U.S.C. § 1116 as the relevant statutory authority. However, seeing as this is not a Lanham Act case, and, indeed, the Plaintiff's complaint exclusively relies on the U.S. Patent Act, this seems to have been an inadvertent mistake.

[2] The factual background is taken from the Plaintiff's Complaint, Application for Temporary Restraining Order, and supporting evidentiary submissions.

Products (as defined in the Plaintiff's Complaint). Plaintiff's utility patents include U.S. Patent Nos. US 9,889,065 B2, US 10,349,788 B1 US 11,633,073 B2 and US 9,578,956 B2 (collectively the "Utility Patents").  In addition, Plaintiff's design patents include US D698,455 S, US D716,961 S, US D734,481 S, US D774,772 S, US D771,952 S, US D882,104 S, US D882,810 S, US D773,064 S, US D760,912 S, US D799,711 S, and US D776,438 S (collectively, the "Design Patents"). Together, the Utility Patents and the Design Patents are referred to as the "FOREO Patents".

The Defendants, through the various fully interactive commercial Internet websites operating under at least the Defendant Domain Names and online marketplace accounts listed in Schedule A to the Complaint (collectively, the "Defendant Internet Stores"), have advertised, promoted, offered for sale, or sold goods that are either substantially identical to the products depicted by at least one of the Design Patents and/or utilize the technology and invention claimed by at least one of the Utility Patents. (*See* E. Feldstein Decl. ¶¶ 8-16, ECF No. 6-1.)

The Defendants are not now, nor have they ever been, authorized or licensed to use the FOREO Patents, and none of the Defendants is an authorized retailer of genuine FOREO Products. (*See id.* ¶ 20.)

The Plaintiff investigated the promotion and sale of products on the Defendant Internet Stores that appear to be genuine FOREO Products, but which are actually inferior and unauthorized imitations of the FOREO Products (the "Infringing Products"). (*See id.* ¶¶ 8-16.) Plaintiff accessed each of the e-commerce stores operating under the Defendant Internet Stores, initiated the ordering process for the purchase of a product from each of the Defendant Internet Stores (each of which directly or indirectly uses the technology and/or embodies the designs of the FOREO Patents), and completed a checkout page requesting each product to be shipped to an address in the Southern District of Florida. (*See id.*) The Plaintiff conducted a review and visually inspected the Infringing Products for which orders were initiated by Plaintiff's third-party investigator via the Defendant Internet Stores and determined the Infringing Products were non-genuine, unauthorized versions of the FOREO Products. (*See id.*)

### 2. Legal Standard

To obtain a temporary restraining order, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo,*

403 F.3d 1223, 1225–26 (11th Cir. 2005) (per curiam). Additionally, a court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A)   specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B)   the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

### 3. Analysis

The materials submitted by the Plaintiff in support of its *Ex Parte* Application for Temporary Restraining Order, including the Declaration of its General Manager, Evan Feldstein (ECF No. 6-1), support the following conclusions of law:

   A.   The Plaintiff has a strong probability of proving at trial that the products the Defendants are selling and promoting for sale embody the FOREO Patents without authorization. The documentation submitted by Plaintiff shows that an ordinary observer would be deceived into thinking that the Infringing Products were the same as one or more claims of the FOREO Patents.

   B.   Because of the infringement of the FOREO Patents, the Plaintiff is likely to suffer immediate and irreparable injury if a temporary restraining order is not granted. The following specific facts, as set forth in Plaintiff's Complaint, Application for Temporary Restraining Order, and accompanying declaration, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers before Defendants can be heard in opposition unless Plaintiff's request for *ex parte* relief is granted:

> i.   The Defendants own or control e-commerce stores and commercial Internet websites operating under their respective seller identification names and domain names which advertise, promote, offer for sale, and sell Infringing Products in violation of Plaintiff's respective rights;
>
> ii.   There is good cause to believe that more Infringing Products will appear in the marketplace; that consumers are likely to be misled,

confused, and/or disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products; and

iii. There is good cause to believe that if Plaintiff proceeds with notice to Defendants of this Application for Temporary Restraining Order, Defendants can easily and quickly change the ownership or modify domain registration, e-commerce store, and private messaging account data and content, change payment accounts, redirect consumer traffic to other seller identification names, private messaging accounts, and domain names, and transfer assets and ownership of the seller identification names and domain names, thereby thwarting Plaintiffs' ability to obtain meaningful relief.

C. The balance of potential harm to Defendants in restraining their trade in Infringing Products if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its exclusive rights as to the FOREO Patents, its reputation, and its goodwill as a manufacturer and distributor of quality products, if such relief is not issued.

D. The public interest favors issuance of the temporary restraining order to protect Plaintiff's patent interests and protect the public from being defrauded by the selling of genuine goods as FOREO Products.

E. The Patent Act authorizes courts to issue injunctive relief "in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.

F. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (11th Cir. 1995) (*citing Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

G. In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal patent laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

### 4. Conclusion

Accordingly, upon review of the Plaintiff's Complaint, Application for Temporary Restraining Order, and supporting evidentiary submissions, the Court **grants** the Plaintiff's Application for Temporary Restraining Order (**ECF No. 6**), under the terms set forth below:

## **Temporary Restraining Order**

(1) Each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby temporarily restrained as follows:

    a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products not authorized by Plaintiff and that utilize the technology of and/or embody the design of one or more claims in the FOREO Patents;

    b. Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the FOREO Patents; and

    c. Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

(2) Each Defendant shall not transfer ownership of the Internet based e-commerce stores and Internet websites operating under their Defendant Internet Stores and Subject Domain Names during the pendency of this action, or until further order of the Court.

(3) Each of the Defendants shall preserve copies of all computer files relating to the use of any of the Internet based e-commerce stores and Internet websites operating under their Defendant Internet Stores and Subject Domain Names and shall take all steps necessary to retrieve computer files relating to the use of the Internet based e-commerce stores and Internet websites operating under their Defendant Internet Stores and Subject Domain Names that may have been deleted before the entry of this Order.

(4) Upon Plaintiff's request, the privacy protection service for any of the Subject Domain Names for which the registrant uses such privacy protection service to conceal the registrant's identity and contact information is ordered to disclose to Plaintiff the true identities and contact information of those registrants.

(5) Within five (5) days of receipt of notice of this Order, Defendants and any third party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms that are providing services for any of the Defendants, including but not limited to Amazon, DHgate, eBay, Walmart, and Wish, and their related companies and affiliates (together, the "Third Party Providers"), shall:

    a. Restrain the transfer of all funds, including funds relating to ongoing account activity, held or received for the Defendants' benefit or to be transferred into the Defendants' respective financial accounts, restrain any other financial accounts tied thereto, and immediately divert those restrained

funds to a holding account for the trust of the Court. Such restraining of funds and disclosure of the related financial institution account information (as provided below) shall be made without notice to the account owners or the financial institutions until after those accounts are restrained.

        b.    Provide Plaintiff expedited discovery of the following: (i) the identity of all financial accounts and/or sub-accounts associated with the Internet based e-commerce stores operating under the Defendant Internet Stores and Subject Domain Names identified on Schedule A to the Complaint, as well as any other accounts of the same customer(s); (ii) the identity and location of the Defendants identified in Schedule A, including all known contact information including any and all known aliases and associated e-mail addresses; (iii) an accounting of the total funds restrained and identities of the financial account(s) and sub- account(s) for which the restrained funds are related; and (iv) information concerning sales of any Infringing Products made by Defendants.

    (6)    Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order.

    (7)    **The Clerk of the Court is directed to issue a single original summons in the name of "THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT" that shall apply to all Defendants.** The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

    (8)    This Order shall apply to the Defendant Internet Stores and Subject Domain Names, associated e- commerce stores and websites, and any other seller identification names, e-commerce stores, private messaging accounts, domain names and websites, or financial accounts which are being used by Defendants for the purpose of infringing Plaintiff's FOREO Patents at issue in this action.

    (9)    This Order shall go into effect immediately and remain in full force for **two weeks from the date of entry** or until further order of the Court.

    (10)    Pursuant to Federal Rule of Civil Procedure 65(c), the Plaintiff shall post a bond in the amount of **Ten Thousand Dollars and Zero Cents ($10,000.00)**, as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject

to increase should an application be made in the interest of justice.

(11) After the Plaintiff's counsel has received confirmation from the Third Party Providers regarding the funds restrained as directed herein and expedited discovery from the same, Plaintiff shall serve a copy of the Complaint, Application for Temporary Restraining Order, and this Order, on each Defendant via their corresponding e-mail address and/or online contact form or other means of electronic contact provided on the e-commerce stores and websites operating under the respective Defendant Internet Stores and Subject Domain Names, or by providing a copy of this Order by e-mail to the marketplace platform or image hosting website, for each of the Defendant Internet Stores or the registrars of record for the Subject Domain Names so that they, in turn, notify each Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court. In addition, Plaintiff shall post copies of the Complaint, Application for Temporary Restraining Order, and this Order, as well as all other documents filed in this action on the Plaintiff's Serving Notice website located and shall provide the address to the website to Defendants via e- mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof. Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants regularly updating the website or by other means reasonably calculated to give notice which is permitted by the Court.

(12) A **videoconference hearing** is set in this matter on **November 27, 2023, at 9:00 a.m.**, at which time Defendants and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on Plaintiff's requested preliminary injunction. The Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 35 U.S.C. § 283; Fed. R. Civ. P. 65, The All Writs Act, 28 U.S.C. § 1651(a); and this Court's inherent authority.

(13) Any response or opposition to the Plaintiff's Application for Preliminary Injunction must be filed with the Court and served on Plaintiff's counsel by **noon on November 22, 2023**. The above dates may be revised upon stipulation by all parties and approval of this Court.

**Done and ordered** in Miami, Florida, on November 14, 2023.

_____
Robert N. Scola, Jr.
United States District Judge