United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Foreo Inc., Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| The Individuals, Corporations, | ) | Civil Action No. 23-23631-Civ-Scola |
| Limited Liability Companies, | ) | |
| Partnerships, and Unincorporated | ) | |
| Associations Identified on Schedule | ) | |
| A, Defendants. | ) | |

### SEALED Order Authorizing Alternative Service of Process on the Defendants

This cause comes before the Court on the Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) (the "Motion"). (ECF No. 7.)  The Court, having reviewed the Motion, the record, and the relevant legal authorities, **grants** the Motion. (**ECF No. 7**.)

The Plaintiff, Foreo Inc., seeks an order granting alternative service of process on the Defendants in this action. The Plaintiff alleges that it has good cause to suspect the Defendants are residing in the People's Republic of China ("China"), or other foreign jurisdictions, and/or redistribute products from sources in those locations. (*See* R. Baeza Decl. ¶ 19, ECF No. 7-1.) The Plaintiff alleges that the Defendants have established Internet-based businesses and utilize electronic means as reliable forms of contact. (*See id.* ¶¶ 15–17.) Therefore, the Plaintiff seeks to serve the Defendants by both e-mail and by website posting.

Rule 4(h)(2) for the Federal Rules of Civil Procedure (the "Rules") describes the various ways in which plaintiff may serve foreign entities and incorporates the service methods set forth in Rule 4(f). Rule 4(f)(3), in turn, provides that service may be accomplished "by other means not prohibited by international agreement, as the court orders."  Notably, alternative methods of service under Rule 4(f)(3) are available without first attempting service by other means. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).  All that is required is that the proposed service is not prohibited by international agreement and such service comports with Constitutional due process, meaning that it is "reasonably calculated" to provide the defendants notice and an opportunity to defend. *See id* at. 1016. "So especially in a

circumstance where service upon a foreign corporation under Rule 4(f)(1) or 4(f)(2) has been cumbersome, district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." *Brookshire Bros., LTD. v. Chiquita Brands Int'l*, No. 05-CIV-21962-COOKE/BROWN, 2007 U.S. Dist. LEXIS 39495, at *5 (S.D. Fla. May 31, 2007) (Cooke, J.) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)). For the following reasons, the Court finds that alternative service of process under Rule 4(f)(3) is warranted here.

     First, the Hague Convention does not specifically preclude service via e-mail and website posting. Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or website posting. *See, e.g., Karsten Mfg. Corp. v. Janit Store*, No. 18-61624-CIV, 2018 U.S. Dist. LEXIS 225682, at *3 (S.D. Fla. July 26, 2018) (Altonaga, C.J.) ("A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where a signatory nation has not expressly objected to those means.") China has not objected to service by e-mail or Internet publication. Accordingly, here, service by e-mail and web publication are not prohibited by international agreement.

     Further, service of process by e-mail has been upheld in circumstances like those here. *See, e.g., Rio Props., Inc.*, 284 F.3d at 1018 ("When faced with an international e-business scofflaw, playing hide-and-seek with the federal court, e-mail may be the only means of effecting service of process."); *Malletier*, 2020 U.S. Dist. LEXIS 141966, at *4 (holding that service by email and website posting is permitted where the defendants "conduct[] their businesses over the Internet," "use[] e-mail regularly in their businesses," and the plaintiff shows that email is "likely to reach defendants"); *Philip Morris USA Inc. v. Veles Ltd.*, No. 06 CV 2988 (GBD), 2007 U.S. Dist. LEXIS 19780, at *3 (S.D.N.Y. Mar. 12, 2007) (authorizing service of process by e-mail where online stores did not post any physical address and defendant's "business appear[ed] to be conducted entirely through electronic communications").

     Due process, under the circumstances provided herein, is not offended. The Defendants have at least one known and valid form of electronic contact and the Plaintiff has created a website for the sole purpose of providing notice of this action to the Defendants. The address to this website will be provided to the Defendants through their known e-mail accounts and onsite contact forms. Service by e-mail and website posting are therefore reasonably calculated, under all circumstances, to apprise the Defendants of the pending

action and afford them an opportunity to respond. Moreover, these are the most likely means of communication to reach Defendants, who operate via the Internet and rely on electronic communications for the operation of their businesses. *See Breitling U.S.A., Inc. v. 3C Elec.*, No. 17-cv-60519-UU, 2017 U.S. Dist. LEXIS 227280, at *6 (S.D. Fla. Apr. 5, 2017) (Ungaro, J.).

Thus, for the reasons set forth above, the Court **grants** the Plaintiff's motion (**ECF No. 7**), exercising its discretion to allow service on the Defendants through e-mail and website posting. Accordingly, the Plaintiff is permitted to serve the Summonses, Amended Complaint and other filings and discovery in this matter upon each Defendant by:

    a.    sending emails to each Defendant via the e-mail accounts provided by each Defendant as part of the data related to its e-commerce store, including customer service e-mail addresses and onsite contact forms, or by the e-commerce platform e-mail for each of the e-commerce stores, and in the email providing the address to Plaintiff's designated website to Defendants; and

    b.    publicly posting a copy of the Summonses, Complaint, and all filings and discovery in this matter on Plaintiff's designated serving notice website.

**Done and ordered** in Miami, Florida, on November 14, 2023.

_____
Robert N. Scola, Jr.
United States District Judge