United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Foreo Inc., Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| The Individuals, Corporations, ) | Civil Action No. 23-23631-Civ-Scola |
| Limited Liability Companies, ) | |
| Partnerships, and Unincorporated ) | |
| Associations Identified on Schedule ) | |
| A, Defendants. ) | |

### Order on Default Judgment Procedure

On February 1, 2024, the Clerk of the Court entered a Default against Defendants listed in Schedule A. In order to resolve this case justly and efficiently, the Court orders the Plaintiff to file one of the following two responses by February 15, 2024.

1. Where there are multiple Defendants, but no possibility of inconsistent liability between Defendants (which, for example, could arise from allegations of joint and several liability where fewer than all of the defendants are in default), Plaintiff shall file a *Motion for Default Judgment*, consistent with Federal Rule of Civil Procedure 55(b). The Plaintiff must state in the *Motion for Default Judgment* that there are no allegations of joint and several liability, and set forth the basis why there is no possibility of inconsistent liability.

The *Motion for Default Judgment* must include affidavits of any sum certain due from the Defendants, and any other supporting documentation necessary to determine Plaintiff's measure of damages. The *Motion* must also be accompanied by (1) the necessary affidavit under the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521(b), if applicable; and (2) a proposed order granting the *Motion for Default Judgment*; and entering final judgment. Pursuant to the CM/ECF Administrative Procedures, the proposed orders shall be submitted to the Court by e-mail in Word (.doc) format at scola@flsd.uscourts.gov. Plaintiff must send a copy of the *Motion* to Defendants' counsel or to the Defendants directly if they do not have counsel. In the certificate of service, Plaintiff shall indicate that notice was sent and the addresses where the notice was sent.

If the Defendants fail to move to set aside the Clerk's Default, or fail to otherwise respond to this lawsuit, on or before **February 11, 2024**, Default Final Judgment may be entered. This means that the Plaintiff may be able to

take the property or money of the Defendants, and/or obtain other relief against the Defendants.

2. Where there are multiple Defendants and allegations of joint and several liability, and a possibility of inconsistent liability between Defendants, Plaintiff shall file a *Notice of Joint Liability*. See *Frow v. De La Vega*, 82 U.S. 552, 554 (1872); 10A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2690 (3d ed. 1998) (citing *Frow*, 82 U.S. at 554); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

The *Notice of Joint Liability* must briefly describe the allegations and advise the Court of the status of the other Defendants' liability. Once liability is resolved as to all Defendants, Plaintiff may move for the entry of default judgment against the defaulting Defendants, as described in paragraph one, above, no later than **fourteen days** after the resolution of liability as to the non-defaulting Defendants.

Plaintiff's failure to file a *Motion for Default Judgment* or *Notice of Joint Liability* within the specified time will result in a **dismissal without prejudice** as to these Defendants.

The Court directs the Plaintiff to **email copies of this order** to any Defendant who has not appeared, consistent with the Court's order authorizing alternate service of process, and to submit a notice of compliance to the Court after the Plaintiff has done so.

**Done and ordered** in Miami, Florida, on February 1, 2024.

_____
Robert N. Scola, Jr.
United States District Judge