UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 23-23631-Civ-Scola

FOREO INC.,

      Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

      Defendants.

_____/

## PLAINTIFFS' MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Pursuant to Federal Rule of Civil Procedure 55(b), Plaintiff FOREO INC. ("Plaintiff"), by and through its undersigned counsel, hereby moves this Honorable Court for an entry of final default judgment against the Defendants, the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations identified on the Schedule "A" hereto (collectively "Defaulting Defendants").[1] In support, Plaintiff submits the following Memorandum of Law.

---

[1] Plaintiff is not seeking entry of default against Defendant Nos. 233 (jekyllu.s.a) and 343 (Quisque Ornare Inc) because the parties have reached a settlement and 347 (Skincare) because the parties agreed to an extension of time for Defendant to file a responsive pleading. Plaintiff also does not seek a default judgment against Defendant No. 290 (theezay) as that defendant filed an answer, or against the previously dismissed defendants, Defendant Nos. 1 (Asia Pacific Perfect Technology Co., Ltd.); 2 (Dongguan Define Beauty Electronic Technology Co., Ltd.); 3 (Dongguan I-Believe Electronic Appliance Co., Ltd.); 4 (Dongguan Super Electric Technology Co., Ltd.); 5 (Dongguan Xuanyi Technology Co., Ltd.); 6 (Fuzhou Chenxing Weiye Electronic Technology Co., Ltd); 7 (Guangdong Newdermo Biotech Co., Ltd.); 8 (Guangdong Zhongyi Technology Co., Ltd.); 9 (Guangzhou Create Future Import And Export Trading Co., Ltd.); 10 (Guangzhou Hottop Global E-Commerce Co., Ltd.); 11 (Guangzhou Ouyajia Beauty Products Equipment Co., Ltd.); 12 (Guangzhou Shutong Information Technology Co., Ltd.); 13

(GuangZhou T&B Beauty Equipment Co., Ltd.); 14 (Guangzhou Wonder Rise Technology Co., Ltd.); 15 (Guangzhou Zhenhao Trading Co., Ltd.); 16 (Hebei Susan Nini Technology Co., Ltd.); 17 (Hunan Rongchuang Zhiyuan Network Technology Co., Ltd.); 18 (Meiji Beauty Technology (Shenzhen) Co. , Ltd.); 19 (Ningbo Kingworth Global Imp. & Exp. Co., Ltd.); 20 (Pinsheng Electronics Co.,Ltd); 21 (Qichuang Technology Co., Ltd.); 22 (Shantou Lula Electronic Technolog Co., Ltd.); 23 (Shenzhen Alist Technology Co., Ltd.); 24 (Shenzhen Amerke Electronic Co., Ltd.); 25 (Shenzhen Baleka Technology Co., Ltd.); 26 (Shenzhen Baozc Technology Co., Ltd.); 27 (Shenzhen BJI Technology Co., Ltd.); 28 (Shenzhen Boyuan Intelligent Electronic Technology Co., Ltd.); 29 (Shenzhen Canvor Technology Co., Ltd.); 30 (Shenzhen Chen Man Technology Co., Ltd.); 31 (Shenzhen Color Ume Electronic Co., Ltd.); 32 (Shenzhen Dream True Tech Co., Ltd.); 33 (Shenzhen Eyco Technology Co., Ltd.); 34 (Shenzhen Hongyu Technology Co., Ltd.); 35 (Shenzhen JPC Technology Co., Ltd.); 36 (Shenzhen Kasitong Technology Co., Ltd.); 37 (Shenzhen Kelemi Model Technolgy Co., Ltd.); 38 (Shenzhen King Gima Technology Co., Ltd.); 39 (Shenzhen KKS Tech Co., Ltd.); 40 (ShenZhen LCB Technology Co., Ltd); 41 (Shenzhen Leadworlds Technology Co., Ltd.); 42 (Shenzhen Liangji Technology Co., Ltd.); 43 (Shenzhen Liman Technology Co., Ltd.); 44 (Shenzhen Liuluanmei Electric Co., Ltd.); 45 (Shenzhen Luokefan Technology Co., Ltd.); 46 (Shenzhen Margotan Tech Co., Ltd.); 47 (Shenzhen Miqu Technology Co., Ltd); 48 (Shenzhen Mlikang Technology Co., Ltd.); 49 (Shenzhen Mlike Technology Co., Ltd); 50 (Shenzhen Mlike Technology Co., Ltd.); 51 (Shenzhen Neiger Technology Co., Ltd.); 52 (Shenzhen Niu Fulai Electronic Technology Co., Ltd.); 53 (Shenzhen Nove Technology Co., Ltd.); 54 (Shenzhen Semlamp Intelligent Technology Co., Ltd.); 55 (Shenzhen Sheng Banghua Technology Development Co., Ltd.); 56 (Shenzhen Skyful Technology Co., Ltd.); 57 (Shenzhen Sunhills Network Technology Co., Ltd.); 58 (Shenzhen Tangsheng Electronic Technology Co., Ltd.); 59 (Shenzhen Trendz Technology Co., Ltd.); 60 (Shenzhen Wanlong Technology Co., Ltd.); 61 (Shenzhen Water Stone Technology Co., Ltd.); 62 (Shenzhen Wei Chen Yang Technology Co., Ltd.); 63 (Shenzhen Xingchengyuan Technology Co., Ltd.); 64 (Shenzhen Xiteyou Electronic Technology Co., Ltd.); 65 (Shenzhen X-World Technology Co., Ltd.); 66 (Shenzhen Yazi Technology Co., Ltd.); 67 (Shenzhen Yuexi Technology Co., Ltd.); 68 (Shenzhen Yuwei Trading Co., Ltd.); 69 (Wenzhou Uming Trading Co., Ltd.); 70 (Wenzhou Welland Electric Co., Ltd.); 71 (Xiamen You Can New Material Co., Ltd.); 76 (Moajaza); 161 (xcxbeauty); 169 (zwgf); 172 (9enjoyshopping); 173 (acost6169); 174 (actionhousebabes); 179 (anyvolume); 181 (artf.mo0); 183 (baboonia); 184 (baozousports01); 187 (bk18_shop); 188 (black_label_sales); 189 (blondechick55); 190 (boygirlsnew-02); 191 (boysgirlsnew-02); 192 (braeana); 194 (businessbezo); 195 (cdpcstore); 196 (cheerfuldays08); 197 (cnydeals315); 198 (curbsidrandom); 199 (cyberoutlet14); 203 (deals4real-0); 205 (derel_57); 206 (dev218); 207 (dianzi-44); 208 (dmcove27); 209 (dreamflywo-10); 211 (eclipsefastpitch2); 212 (eufaulagirl); 215 (forestytore); 216 (fortunately6); 217 (Fun-Home-914); 219 (gladidavi2); 221 (gogotop-666); 222 (goingon61); 223 (gotogoodsllc); 227 (hot_sale66); 228 (humble_living_sales); 229 (imud39); 230 (inthemeadow); 232 (jedigirl10); 234 (jemsbyjen); 237 (jkatang); 238 (jlmays84); 240 (kenn.johns); 242 (l3unnypink); 244 (lcmj2018us); 247 (lovinglightcandles); 259 (mimocompr); 261 (nannyrocks120); 264 (oakey_27); 265 (oebristol); 266 (ottostore); 267 (outleth74); 268 (pencilcolor2017); 271 (retailmisfits); 272 (rodcogroup); 275 (shop_purple); 277

## MEMORANDUM OF LAW

### I.      INTRODUCTION

Plaintiff filed its Complaint against Defendants for utility patent infringement (Count I) and design patent infringement (Count II) (Dkt. 1). Defaulting Defendants are in default, and the prerequisites for a default judgment have been met. Plaintiff therefore seeks default judgment finding Defaulting Defendants liable on all counts of its Complaint. As part of the judgement, Plaintiff requests entry of a permanent injunction and an award of damages for Defaulting Defendants' willful infringement pursuant to 35 U.S.C. § 271, 35 U.S. Code § 289, and 35 U.S.C. § 284. Plaintiff also requests the Court order the listings and associated images infringing Plaintiff's patents, currently being used by Defaulting Defendants, be permanently removed to ensure the associated e-commerce marketplace stores may no longer be used as a means for selling products infringing Plaintiff's intellectual property rights.

### II.     STATEMENT OF FACTS

#### A.      Plaintiff's Rights

Plaintiff is the owner and lawful assignee of all right, title, and interest in and to several utility patents covered by U.S. Patent Nos. US 9,889,065 B2, US 10,349,788 B1, US 11,633,073

---

(shopcrownhouse); 278 (sita-ram (22)); 282 (storageauctionpirate); 284 (sunken_treasure); 286 (taiyuanuiguaisaish-0); 291 (thetajan); 292 (thisiskatherin); 293 (triciatre_4); 294 (unixskin); 296 (vallimerick); 298 (w20836); 299 (waggcomputer); 300 (wallscloset04); 302 (wellnesseer); 303 (wellnessseer); 306 (wow-shoppers-llc); 307 (yanksfan12345); 311 (ArzariBeauty); 312 (BellesSecrets); 313 (Digital Blonde Shop); 314 (JFieldsCo); 320 (Ankang); 321 (AutmorDirect.us); 323 (Billbianc); 325 (CDJLYUS Co. Ltd.); 326 (Childlike Innocence); 327 (CkeyiN Official); 328 (E-Commerce Hong Kong Corporation); 329 (Electronicsonic.com); 330 (Eryuan Network Technology Co., LTD); 331 (Good Choice); 332 (Good Day); 333 (Heldig); 334 (IOCOCEE); 336 (JT Home Store); 339 (Li HB Store); 342 (PXNKY Co. Ltd); 344 (RAINRO Co., Ltd.); 346 (Shaoxing Sandeli Textile Co. LTD); 348 (SOTNDA Co. Ltd); 349 (Tasharina Corp); 350 (The Skin Shop); 352 (VivaBella); and 353 (Yinchuan Xingtian E-commerce Sales Co., Ltd.).

B2, and US 9,578,956 B2 (collectively the "Utility Patents"), and design patents covered by US D698,455 S, US D716,961 S, US D734,481 S, S D774,772 S, US D771,952 S, US D882,104 S, US D882,810 S, US D773,064 S, US D760,912 S, US D799,711 S, and US D776,438 S (collectively, the "Design Patents"). Together, the Utility Patents and the Design Patents are referred to as the "FOREO Patents." The FOREO Patents were duly and legally issued by the United States Patent and Trademark Office, and are valid, subsisting, and in full force and effect. *See* Exhibit 1 of Complaint and Exhibit 1 of the Declaration of Evan Feldstein in Support of Plaintiff's *Ex Parte* Motion for Temporary Restraining Order ("Feldstein Decl.") (Dkt. 6-1) FOREO Products, which utilize the technology of, and inventions claimed in at least a portion the Utility Patents, or which embody at least a portion of the designs depicted in the Design Patents, are known for their innovative and superior performance. As a result, the FOREO Products are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from FOREO. Feldstein Decl. ¶¶ 7-8. Plaintiff has carefully monitored and policed the use of the FOREO Patents *Id.* ¶¶ 10, 25. As a result of Plaintiff's efforts, FOREO Products are widely recognized and exclusively associated by consumers, the public, and the trade as being sourced from Plaintiffs. *Id.* ¶ 6.

### B. Defendants' Infringing Acts

As alleged by Plaintiff, admitted by default, and established by the evidence submitted, Defaulting Defendants operate and control e-commerce stores via third-party marketplace websites under their seller identification names and/or commercial Internet websites operating under their domain names as identified on Schedule "A" hereto (the "Seller IDs"). As such, Defaulting Defendants are the active, conscious, and dominant forces behind the promotion, advertisement, distribution, offering for sale, sale, and import of copycat versions of the FOREO

Products which improperly utilize the technology of, inventions claimed in, or embody the design of at least a portion of one of the FOREO Patents (the "Infringing Products"). *See* Compl. ¶¶ 21-52; Feldstein Decl. ¶¶ 8-14; *see also* relevant web page captures from Defendants' Internet based e-commerce stores and commercial websites operating under the Seller IDs infringing the FOREO Patents, attached as Exhibit 1 to the Declaration of Rossana Baeza in Support of Plaintiffs' Motion for Entry of Final Default Judgment ("Baeza Decl.").

Defaulting Defendants do not have, nor have they ever had, the right or authority to use the FOREO Patents for any purpose. *See* Feldstein Decl. ¶ 20. However, despite their known lack of authority to do so, Defaulting Defendants have engaged in the activity of promoting, and otherwise advertising, selling, offering for sale, selling and importing their Infringing Products via the Seller IDs. *See* Compl. ¶¶ 26-34, 47-48; *see also* Feldstein Decl. ¶¶ 8-14.

Plaintiff's evidence demonstrates Defaulting Defendants are engaged in the promotion, advertisement, distribution, offering for sale, sale and importing of goods infringing the FOREO Patents. Plaintiff investigated the promotion and sale of Infringing Products by Defendants through the Seller IDs. Feldstein Decl. ¶¶ 8-14. Plaintiff's investigation accessed Defaulting Defendants' Internet based e-commerce stores operating under each of the Seller IDs, and placed orders for the purchase of various products infringing the FOREO Patents at issue in this action from each Defaulting Defendant, and requested each product to be shipped to an address in this District. *Id.* At the conclusion of the process, the detailed web page captures and images of the Infringing Products wherein orders were initiated via Defendants' Seller IDs, were sent to Plaintiff's representative for review. *Id.*

Plaintiff's representative reviewed and inspected the Infringing Products ordered from each of the Seller IDs and by reviewing the e-commerce stores and websites operating under each of

the Seller IDs, or the detailed web page captures and images of the items infringing the FOREO

Patents, determined the products were not genuine versions of Plaintiff's products. *Id*.

### C.    Procedural Background

On September 21, 2023, Plaintiff filed its Complaint against Defendants. On September

22, 2023, Plaintiff filed its *Ex Parte* Motion for Temporary Restraining Order ("Motion for

Temporary Restraining Order") (Dkt. 6). On November 15, 2023, the Court granted the Motion

for Temporary Restraining Order (Dkt. 21).  On December 12, 2023, the Court issued an Order

converting the temporary restraining order into a preliminary injunction. Dkt. 48. The temporary

restraining order and preliminary injunction required, inter alia, any third party financial

institutions, payment processors, banks, escrow services, money transmitters, or marketplace

platforms who is providing services for any of the Defendants (including but not limited to,

Alibaba, AliExpress, Alipay, DHgate, Joom, Wish, Amazon, Amazon Pay, eBay, Etsy, Walmart,

and/or ContextLogic Inc. d/b/a Wish, and their related companies and affiliates (collectively, the

"Third Party Providers")) to identify and restrain all funds in Defendants' associated payment

accounts, including all other financial accounts tied to, used by, or that transmit funds into, the

respective Defendants' financial accounts, and divert those funds to a holding account for the trust

of the Court. *See* Baeza Decl. ¶ 2. Subsequently, Plaintiff's counsel received notice from the

applicable financial institutions that they complied with the requirements of the Court's Order. *Id*.

On November 15, 2023, the Court entered an Order Authorizing Alternative Service of

Process on the Defendants Dkt. 22 authorizing Plaintiff to serve the summonses, Complaint, and

other pertinent filings upon Defendants via e-mail and posting copies of the same on Plaintiff's

designated service notice website. On December 4 and 8, pursuant to the Court's Order, Plaintiff

served Defendants by their known e-mail addresses, and via website posting on http://FOREO-

cases.com/case-23-cv-23631.html. *See* Baeza Decl. ¶ 3; Dkt. 36 (Proof of Service). The deadline for the Defaulting Defendants to respond to the Complaint was December 26, 2023 and December 29, 2023, and has lapsed without the Defaulting Defendants' response. (*Id.* ¶ 4.) Defaulting Defendants have not been granted any extension of time to respond, nor have they served or filed an Answer or other response. *Id.* ¶ 5.  To Plaintiff's knowledge, none of the Defaulting Defendants are infants or incompetent persons, and, to Plaintiff's knowledge, the Servicemembers Civil Relief Act does not apply. *Id.* ¶ 6. On January 31, 2024, Plaintiff filed its Request for Entry of Clerk's Default against all remaining Schedule A defendants in this matter. Dkt. 76. A Clerk's Default (Dkt. 77) was entered against the Defaulting Defendants on February 1, 2024, as Defendants failed to appear, answer, or otherwise respond to the Complaint, despite having been served.

Plaintiff now moves the Court to grant Final Default Judgment against the Defaulting Defendants.

## III.    ARGUMENT

### A.    Default Judgment Should Be Entered Against Defendants.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338. Personal jurisdiction over the Defaulting Defendants and venue in this district are proper under Florida Statutes § 48.193(1)(a)(2), § 48.193(1)(a)(1), and 28 U.S.C. § 1391(b) as Defaulting Defendants direct business activities toward consumers throughout the United States, including within the State of Florida and this district and cause harm to Plaintiff's  business (that also qualifies as "tortious acts") within this jurisdiction through the Internet based e-commerce stores and websites operating under the Seller IDs. *See* Compl. ¶¶ 11-15.

#### 1.    Default Judgment is Proper.

A court may order a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) following the

entry of default by the court clerk under Rule 55(a). *See* Fed. R. Civ. P. 55. Upon entry of default by the clerk, the well-pled factual allegations of a plaintiff's complaint, other than those related to damages, will be taken as true. *PetMed Express, Inc. v. Medpets.com*, 336 F.Supp.2d 1213, 1217 (S.D. Fla. 2004) (citing *Buchanan v. Bowman*, 820 F.2d 359 (11th Cir. 1987)). In this case, the Complaint, pleadings, and declaration filed in support of Plaintiff's Motion for Entry of Final Default Judgment clearly demonstrate that default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure should be entered against the Defaulting Defendants.

Where there are multiple defendants, "plaintiff must state in a motion for default judgement that there are no allegations of joint and several liability and set forth the basis why there is no possibility of inconsistent liability." *Adidas AG v. Adidasjeremycottitalia.eu*, No. 13-cv-62712, 2014 WL 1122017, at *2 (S.D. Fla. Aug. 14, 2014) (entering default judgement against all defendants even where plaintiff alleged joint and several liability, because all defendants defaulted).

Here, Plaintiff makes no allegations of joint and several liability against the Defaulting Defendants. The Complaint alleges, and the evidences establishes, that each Defaulting Defendant sold or offered to sell Infringing Products. As explained more fully below, Plaintiff seeks monetary damages against each Defaulting Defendant for each Defaulting Defendants' own willful infringement. As a result, there is no risk of inconsistent liability.

### 2. Factual Allegations Establish Defendants' Liability.

#### i. Defendants Are Liable for Utility Patent Infringement

Section 271(a) of the Patent Act provides liability for patent infringement for "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent

therefor, infringes the patent." 35 U.S.C. § 271(a). To establish patent infringement, a plaintiff must establish that defendant has made, used, sold or offered for sale a product that meets at least one of the claims of the asserted patent. *Id.* The plaintiff must establish that "every limitation set forth in a claim [is] found in an accused product..." *Becton, Dickinson & Co. v. Tyco Healthcare Group, LP,* 616 F.3d 1249, 1253 (Fed. Cir. 2010) (quoting *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995)). "Each issued patent carries with it a presumption of validity under 35 U.S.C. § 282." *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1205 (5th Cir. 1975). Presumption of validity carried by each issued patent is sufficient to establish a likelihood of success on the validity issue. *Id.* (quoting *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F. 3d 1372, 1377 (Fed. Cir. 2009)).

The well-pled factual allegations of Plaintiff's Complaint, including specifically those pled in paragraphs 21-57 (Dkt. 1), properly allege the elements for utility patent infringement. Moreover, the factual allegations in Plaintiff's Complaint, substantiated by the evidence submitted here, conclusively establish Defaulting Defendants' liability under the claim asserted in the Complaint, as the Defaulting Defendants' infringing products take all the integers and features of claim 1 of the patents, as well as infringe on the independent claims of the patent. Feldstein Decl. ¶¶ 8-14 (demonstrating that each defendant has offered for sale, sold and imported into the United States at least one product that meets each limitation of at least one claim of each of the Utility Patents at issue). Accordingly, Default Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure should be entered against the Defaulting Defendants.

### ii.   Defendants Are Liable for Design Patent Infringement

The Patent Act provides:

> Whoever during the term of a patent for a design, without license of
> the owner, (1) applies the patented design, or any colorable imitation

> thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied shall be liable to the owner to the extent of his total profit, but not less than $250, recoverable in any United States district court having jurisdiction of the parties.

35 U.S.C. § 289. To prevail on its patent infringement claim, Plaintiff must demonstrate that the accused product infringes a patented design. Design patent infringement requires a showing that the accused design is substantially the same as the claimed design. The criterion is deception of the ordinary observer, such that one design would be confused with the other. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F. 3d 665, 679 (Fed. Cir. 2008). Under this test, the central inquiry is whether an "ordinary observer," who is familiar with the prior art, would find the overall appearance of the accused product to be "substantially the same" as the overall appearance of the patented design. *Id.* at 677; *see also Amini Innovation Corp. v. Anthony Cal., Inc.*, 439 F .3d 1365, 1372 (Fed. Cir. 2006); *Pride Fam. Brands, Inc. v. Carl's Patio, Inc.*, 992 F. Supp. 2d 1214, 1224 (S.D. Fla. 2014) (citing *Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1871) ("If to the ordinary observer the resemblance between the two designs is such as to deceive the observer, inducing him to purchase one supposing it to be the other, then the first one patented is infringed by the other."). An infringing product need not be an exact copy of the patented design, and Defendants cannot escape infringement by introducing minor variations into an otherwise copycat product. *Egyptian Goddess*, 543 F. 3d at 670.

Design patents are typically claimed as shown in drawings, and claim construction must be adapted to a pictorial setting. *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010); *see also Contessa Food Prods., Inc. v. Conagra, Inc.*, 282 F. 3d 1370, 1377 (Fed. Cir. 2002). Here, no detailed verbal description of the figures in the Design Patents is necessary because each "illustration in the drawing views is its own best description." *Crocs, Inc.* at 1303.

Accordingly, the claim of Plaintiff's Design Patents should be construed only as an ornamental design for facial brushes and skin massagers as shown in the Design Patents. *See* Complaint at Exhibit 1 (Dkt. 1-1). Plaintiff asserts a simple comparison of Defaulting Defendants' Infringing Products, which are being offered for sale and/or sold in the United States, with Plaintiff's Design Patents and any "ordinary observer" can perceive Defaulting Defendants' blatant infringement of Plaintiff's exclusive patents as the images that depict the design are virtually exact duplicates or substantially similar images to Plaintiff's Design Patents. *See* Exhibit 1 to Baeza Decl. In accordance with the Patent Act, the screenshot images demonstrate Defaulting Defendants' ongoing unauthorized promotion, offer for sale and/or sale of goods embodying Plaintiff's Design Patents in direct violation of Plaintiff's federal rights to exclude others from making, using, offering for sale, or selling the Design Patents. 35 U.S.C. §§ 271 & 261; *see also Tiffany (NJ), LLC v. Dongping*, No. 10-cv-61214, 2010 WL 4450451, (S.D. Fla. Oct. 29, 2010) (finding unopposed declarations supporting intellectual property ownership and exact duplicates of asserted designs were sufficient to establish liability for infringement).

Plaintiff is the inventor and owner of Design Patents. Defaulting Defendants have without authorization used and offered for sale Plaintiff's Design Patents. The well-pled factual allegations of Plaintiff's Complaint, including the specific allegations identified in the previous paragraphs, properly allege the elements for design patent infringement. Moreover, the factual allegations in Plaintiff's Complaint, substantiated by the evidence submitted, conclusively establish Defaulting Defendants' liability for design patent infringement asserted in the Complaint. Accordingly, Default Final Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure should be entered against the Defaulting Defendants.

**B.** **Plaintiff's Requested Relief Should be Granted.**

**1.** **Entry of a Permanent Injunction is Appropriate.**

Under the Patent Act, a district court "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. "[I]n a default judgment setting, injunctive relief is available. Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiffs to prevent further infringement absent an injunction." *Atmos Nation, LLC v. Pana Depot, Inc.*, No. 14-CIV-62620, 2015 WL 11198010, at *2 (S.D. Fla. Apr. 8, 2015); *see also Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.").

Moreover, even in a default judgment setting, injunctive relief is available. *See, e.g.*, *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1222-23 (S.D. Fla. 2004). Defaulting Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further infringement absent an injunction. *See Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief."). Pursuant to 35 U.S.C. § 283, this Court should permanently enjoin Defaulting Defendants from continuing to infringe any of Plaintiff's intellectual property rights, including the FOREO Patents.

Permanent injunctive relief is appropriate where a plaintiff demonstrates 1) it has suffered irreparable injury; 2) there is no adequate remedy at law; 3) the balance of hardship favors an equitable remedy; and 4) an issuance of an injunction is in the public's interest. *eBay, Inc. v.*

*MercExchange, LLC*, 547 U.S. 388, 392-93, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006). As demonstrated here, and based upon the issuance of the temporary restraining order and preliminary injunction entered in this matter, Plaintiff has carried its burden on each of the four factors, warranting permanent injunctive relief, as Defaulting Defendants have unlawfully used Plaintiff's intellectual property to make a profit. Accordingly, permanent injunctive relief is appropriate.

Plaintiff has carried its burden on each of the four factors, rendering permanent injunctive relief appropriate. First, Plaintiff is irreparably harmed. As alleged and supported by the declarations previously submitted, Defaulting Defendants' acts of infringement have eroded Plaintiff's market for the FOREO line of products and impacted FOREO's goodwill. *See* Feldstein Decl. ¶¶ 26-30. Indeed, the Defendants' Infringing Products weaken FOREO's credibility and reputation, resulting in a loss of unquantifiable future sales. *Id*. at ¶ 29. Moreover, the Infringing Products are in direct competition with FOREO Products. As such, Plaintiff's market position is being irreparably damaged by Defendants' continued infringement. *See Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1363 (Fed. Cir. 2012) ("Direct competition in the same market is certainly one factor suggesting strongly the potential for irreparable harm without enforcement of the right to exclude.").

The second factor favors a permanent injunction as well. Because Defendants have failed to appear, Plaintiff does not have the ability to discover the full extent of monetary damages it could recover from Defaulting Defendants to compensate them for Defaulting Defendants' infringement, thus, there is no adequate remedy at law. *Enpat, Inc. v. Budnic*, No. 6:11-CV-86-PCF-KRS, 2011 WL 1196420, at *4 (M.D. Fla. Mar. 29, 2011) (defendant's refusal to appear in the case "reinforces the inadequacy of a remedy at law and the irreparability of the harm absent an injunction"). Additionally, Plaintiff has no adequate remedy at law so long as

Defaulting Defendants continue to use the FOREO Patents in connection with the operation of the e-commerce stores under the Seller IDs because Plaintiff will have no control of the quality of the goods that could be associated with FOREO Products. An award of money damages alone will not cure the injury to Plaintiff's reputation and goodwill which will result if Defaulting Defendants' infringing actions are allowed to continue.

The third factor—the balance of harm—also weighs in Plaintiff's favor and warrants the equitable remedy of a permanent injunction. Plaintiff has a significant interest in enforcing its patent rights and in fact spends significant resources protecting and enforcing its intellectual property. Feldstein Decl. ¶¶ 10, 25. Enjoining Defaulting Defendants is critical to prevent hardship to Plaintiff from loss of sales and/or injury to Plaintiff's reputation and good will. By contrast, Defaulting Defendants face no hardship if they are prohibited from infringing Plaintiff's patents, which are illegal acts.

Finally, the public interest supports the issuance of a permanent injunction against Defaulting Defendants to prevent consumers from being misled by Defaulting Defendants' counterfeit products. *See Nike, Inc. v. Leslie*, 1985 WL 5251, at *1 (M.D. Fla. June 24, 1985) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior."). The Court's broad equity powers allow it to fashion injunctive relief necessary to stop Defaulting Defendants' infringing activities. *See, e.g.*, *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for . . . [t]he essence of equity jurisdiction has been the power of the Chancellor to do equity and to mold each decree to the necessities of the particular case." (citation and internal quotation marks omitted)); *United States v. Bausch & Lomb Optical Co.*, 321 U.S. 707, 724 (1944) ("Equity has power to eradicate

14

the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole.").

Furthermore, as admitted by the Defaulting Defendants through default, (i) the Seller IDs and associated payment accounts are essential components of Defaulting Defendants' online activities, and (ii) the Seller IDs themselves are one of the means by which Defaulting Defendants further their infringing scheme and cause harm to Plaintiff. *See* Compl. ¶ 24. Therefore, to effectuate the injunction, all listings and associated images of goods infringing the FOREO Patents via the Seller IDs should be permanently removed by the applicable governing Internet marketplace platform operators and/or administrators. Without removing the listings and associated images of goods infringing the FOREO Patents, Defaulting Defendants will remain free to continue infringing Plaintiff's patents with impunity, will continue to benefit from the Internet traffic to those e-commerce stores and websites built through the unlawful use of the FOREO Patents, and will continue to defraud the public by their illegal activities. The Court's powers of equity can compel measures necessary to enforce an injunction against infringement. *See, e.g.*, *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for. . . the essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case."); *United States v. Bausch & Lomb Optical Co.*, 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole.").

Defaulting Defendants have created an Internet-based infringement scheme and are profiting from the deliberate misappropriation of Plaintiff's rights. Unless the listings and images of the Infringing Products are permanently removed, Defaulting Defendants will be free to

continue to defraud the public with their illegal activities. Accordingly, the Court should eliminate the means by which Defaulting Defendants conduct their unlawful activities to further prevent the use of these instrumentalities of infringement.

### 2.   Damages as to Design Patent and Utility Patent Infringement.

Plaintiff's Complaint sets forth a cause of action for both utility and design patent infringement pursuant to the Patent Act, 35 U.S.C. § 271, 35 U.S.C. § 289, and 35 U.S.C. § 284. Attached as an exhibit is a table identifying the specific patent(s) infringed, and the calculated damages for each Defaulting Defendant. *See* Exhibit 1 attached hereto.

*Statutory Damages.* As an additional remedy for design patent infringement, the Patent Act imposes liability on infringers of design patents "to the extent of his total profit, but not less than $250." 35 U.S.C. § 289. To the extent that the Defaulting Defendants' known total profits were less than $250 in connection with the sale of products that infringe on the Design Patents, Plaintiff seeks $250 for the infringement of each Design Patent.

*Lost Profits.* Under 35 U.S.C. § 284, design patent or utility patent infringers may be liable for lost profits or a reasonable royalty. To the extent that the Defaulting Defendants' total profits exceeded $250, Plaintiff seeks lost profits.[2]

The Patent Act provides that "[u]pon finding for the claimant, the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer." 35 U.S.C. § 284. These damages may be increased "up to three times the amount found or assessed." *Id.* In determining damages for patent infringement, "the focus is on compensating the patentee or the plaintiff for this injury." *IMX, Inc. v. E-Loan, Inc.*, 748 F. Supp. 2d 1354, 1361 (S.D. Fla. 2010). "[T]he general

---

[2] Plaintiff seeks lost profits in connection with seven (7) Defaulting Defendants.

rule for determining actual damages to a patentee that is itself producing the patented item is to determine the sales and profits lost to the patentee because of the infringement." *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1545 (Fed. Cir. 1995). Pursuant to 35 U.S.C. § 284, Plaintiff seeks to recover an award of lost profits.

Determining an award under Section 289 involves two steps: "First, identify the 'article of manufacture' to which the infringed design has been applied. Second, calculate the infringer's total profit made on that article of manufacture." *Samsung Elecs. Co. v. Apple, Inc.*, 137 S. Ct. 429, 434 (2016). The plaintiff has the initial burden to show the article of manufacture and the defendant's total profit on that article. *Evriholder Prods. LLC v. Simply LBS Ltd. Co.*, No. 17-cv-4329, 2020 WL 7060336, at *9 (S.D.N.Y. Apr. 21, 2020) ("[A]fter a plaintiff in a patent action submits admissible evidence of an infringer's gross profit … it is the infringer's burden to submit admissible evidence to establish that other expenses and costs should be deducted from that profit.") (citing *Nordock, Inc.v . Sys., Inc.*, No. 11-cv-118, 2017 WL 5633114, at *3 (E.D. Wisc. Nov. 21, 2017) (collecting cases)). The defendant then has the burden to produce evidence as to any deductions from the total profit identified by plaintiff (or to show the article of manufacture, if it believes it to be different). *Evriholder*, 2020 WL 706036, at 9.

When calculating an infringer's profits, courts have held in similar contexts that any uncertainty is to be resolved against the infringer. *See, e.g.*, *Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 US. 203, 206-07 (1942) ("The burden is the infringer's to prove that his infringement had no cash value in sales made by him. If he does not do so, the profits made on sales of goods bearing the infringing mark properly belong to the owner"). For example, "[t]he Second Circuit instructs that in determine infringement damages, courts are to resolve against the defendant any factual uncertainties, such as whether any portion of the defendants' revenue may

17

be deducted from damages, when the defendants left the uncertainty by not responding to the evidence of counterfeit sales with evidence of their own," as is the case here. *Sara Lee Corp. v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 169 (S.D.N.Y. 1999) (citing *Lous Vouitton S.A. v. Spencer Handbags Corp.*, 765 F.2d 966 (2d Cir. 1985) (holding that where defendants failed to meet their burden regarding profit calculation, court could adopt plaintiff's proposed calculation); *see also Chloe v. Zarafshan*, No. 06-cv-3140, 2009 WL 2956827, at *5 (S.D.N.Y. Sept. 15, 2009) (awarding infringer's entire revenue and noting that "the court may resolve any doubts against the defendant in calculating profits, particularly if the uncertainty is due to the defendant's inadequate record keeping or failure to produce documentary evidence") (quoting *Aris Isotoner, Inc. v. Dong Jin Trading Co., Inc.*, No. 87-cv-890, 1989 WL 236526, at *5 (S.D.N.Y. Sept. 22, 1989) (collecting cases)).

In cases where defendants have failed to produce documents to characterize revenue, courts have entered a profits award for the entire revenue amount. *See, e.g.*, *Chloe*, 2009 WL 2956827 at *5 (entering profits award for the entire revenue amount in even though "records offer no guidance as to how much of this revenue stream related to [Plaintiff's] products (as opposed to other products not at issue in this case) or as to the costs incurred in acquiring and selling these products."); *New York Racing Ass'n, Inc. v. Stroup News Agency Corp.*, 920 F. Supp. 295, 301 (N.D.N.Y. 1996) (calculating lost profits based on gross figures where defendant offered no evidence of cost of goods sold) (citing *Am. Honda Motor Co. v. Two Wheel Corp.*, 918 F.2d 1060, 1063 (2d Cir. 1990) ("Ordinarily, a plaintiff that has proved the amount of infringing sales would be entitled to that amount unless the defendant adequately proved the amount of costs to be deducted from it.")); *WMS Gaming, Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 608 (7th Cir. 2008) (placing burden on defendant to show that certain portions of its revenues were not obtained

through infringement of plaintiff's marks). Indeed, under normal circumstances, it is the infringer who bears the burden of "offering a fair and acceptable formula for allocating a given portion of overhead to the particular infringing items in issue." *Sunbeam Prods., Inc. v. Wing Shing Prods. (BVI) Ltd.*, 311 B.R. 378, 401 (S.D.N.Y. 2004), *aff'd*, 153 F. App'x 703 (Fed. Cir. 2005) (citation omitted). "But if the infringer has failed to produce any evidence … the Court must determine the costs to be subtracted from revenue based on the evidence it has to determined profits." *See Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1447 (Fed. Cir. 1998).

Here, the Design Patents claim ornamental designs for skin massagers. In the case of a design for a single-component product, such as the Design Patents, the "product is the article of manufacture to which the design has been applied." *Samsung Elecs. Co. v. Apple, Inc.*, 137 S. Ct. at 367. Accordingly, the relevant article of manufacture is each of the Infringing Products sold by Defaulting Defendants.

Since Defaulting Defendants have chosen not to participate in these proceedings, Plaintiff has limited available information, received from the Third Party Providers, regarding Defaulting Defendants' profits from the sale of Infringing Products. Defaulting Defendants have failed to appear in this matter and have not produced any documents or information: (1) characterizing each of the transactions in their financial accounts, (2) other accepted payment methods; or (3) other internet stores that they may be operating. As a result, Defaulting Defendants have not met their burden to apportion gross receipts between infringing and not-infringing product sales, or to show any deductions.

Since the Defaulting Defendants have not met their burden of apportioning gross sales or showing any deductions, the Court should award the greater of the amount restrained or $250.00

for each Defaulting Defendant.[3] *See Evriholder* 2020 WL 706036, at \*9; 35 U.S.C. § 289. The limited information provided by the Payment Processors for Defaulting Defendants indicates that the amount currently restrained in the Defaulting Defendants' known financial accounts ranges from $0 to $18,418.42. Baeza Decl. at ¶ 2. A breakdown by Defaulting Defendant of the amount currently restrained and Plaintiff's requested profit award is provided in the chart in Exhibit 1.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests the Court enter final default judgment and a permanent injunction against Defaulting Defendants in the form of the proposed Final Default Judgment and Permanent Injunction filed herewith.

Dated:  February 15, 2024                     Respectfully submitted,

                                              */s/ Rossana Baeza*
                                              Rossana Baeza (FL Bar No. 1007668)
                                              BOIES SCHILLER FLEXNER LLP
                                              100 SE 2nd Street, Suite 2800
                                              Miami, FL 33131
                                              Tel: (305) 357-8443
                                              rbaeza@bsfllp.com

                                              *Counsel for Plaintiff Foreo Inc.*

---

[3] Each Defaulting Defendant infringed on at least one Design Patent, entitling Plaintiff to a minimum of $250 for each such infringement. If the Third-Party Provider provided information about gross profits for a specific infringing product (i.e., the "Gross Merchant Value"), Plaintiff relied on that information. If the Third Party Provider did not provide such information, Plaintiff relied on the reported entire revenue amount for the Defaulting Defendant. *See, e.g.*, *Chloe*, 2009 WL 2956827 at \*5 (entering profits award for the entire revenue amount in even though "records offer no guidance as to how much of this revenue stream related to [Plaintiff's] products (as opposed to other products not at issue in this case) or as to the costs incurred in acquiring and selling these products.").

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of February, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that Boies Schiller Flexner LLP served the foregoing document to Defendants via email to known email addresses and by posting the foregoing document on Plaintiffs' Notice Website http://FOREO-cases.com/case-23-cv-23867.html, consistent with this Court's order authorizing alternative service (Dkt. 9). The known emails for Defendants are listed below.

/s/ Rossana Baeza
Rossana Baeza

| Doe No. | Seller Name | Email Address |
|---------|-------------|---------------|
| 72 | Forever Beauty House Store | jill_y1996@yeah.net |
| 73 | Fuarscs Beauty Official Store | dsgsd54151@sina.com |
| 74 | Hchenyu Store | 2845317840@qq.com |
| 75 | Lola Beauty | Zhangjiangwang01@163.com |
| 77 | Shiner Store | 2650128104@qq.com |
| 78 | Shopping Factory Store | 1556301196@qq.com |
| 79 | Amazing China Products | yunchi003@qq.com |
| 80 | ITME Store | hicoso@hotmail.com |
| 81 | Lucky-minfan | min_mmm@163.com |
| 82 | suiningaitufuzhuangdian | qwertyuoo11@163.com |
| 83 | XingZhouHe | xingzhouhe666@163.com |
| 84 | Zhou Daweidedian | zhoudawei252013@163.com |

| Doe No. | Seller Name | Email Address |
|---------|-------------|---------------|
| 85 | aawqq | 13207914070@163.com |
| 86 | adrs7 | lzxclot@outlook.com |
| 87 | basop6 | bianzhi88@outlook.com |
| 88 | beatrix2 | sdsfsgfsg6@outlook.com |
| 89 | bevjhb | w4of6757@outlook.com |
| 90 | bfrda | 17607093283@163.com |
| 91 | bgeed | 18046815536@163.com |
| 92 | bgrft | 13870665765@163.com |
| 93 | bttr88 | hjr199911@outlook.com |
| 94 | buirnce | sdasdasdjnauf@outlook.com |
| 95 | bvbcuw | acosem@outlook.com |
| 96 | bvvfcf | 13207914070@163.com |
| 97 | bxhtqb | bxhtqb@outlook.com |
| 98 | ccfft | 17607093283@163.com |
| 99 | cffzz | 18850145029@163.com |
| 100 | cfghy | 19129384328@163.com |
| 101 | cfgtre | 17607093283@163.com |
| 102 | cftde | 17503051208@163.com |
| 103 | cftgff | 17318025328@163.com |

| Doe No. | Seller Name | Email Address |
|---------|-------------|---------------|
| 104 | cggmk | 13870665765@163.com |
| 105 | ctufqi | td1ls81a@outlook.com |
| 106 | davkpj | w4of6757@outlook.com |
| 107 | ddyzvy | fq89xl7i@outlook.com |
| 108 | dffrft | 13207914070@163.com |
| 109 | diana11 | sdbajg25@outlook.com |
| 110 | diejck | tiandaochouqin66@outlook.com |
| 111 | dina51 | 962950014@qq.com |
| 112 | djife32 | 2033455510@qq.com |
| 113 | dldl123123 | 19129384328@163.com |
| 114 | dslf44 | 962950014@qq.com |
| 115 | ecmuyn | fq89xl7i@outlook.com |
| 116 | edmki | 17674718331@163.com |
| 117 | eloif69 | gyh521902@outlook.com |
| 118 | emnru230 | a5986558@outlook.com |
| 119 | erinog | wangerma123ss@outlook.com |
| 120 | eurj18 | lie859655@outlook.com |
| 121 | fasr87 | 2809546668@qq.com |
| 122 | femf95f | 1042119715@qq.com |

| Doe No. | Seller Name | Email Address |
|---------|-------------|---------------|
| 123 | fitzgerald2 | sdsfsgfsg6@outlook.com |
| 124 | fmmaoe2 | gyh521902@outlook.com |
| 125 | foigj55 | gyh521902@outlook.com |
| 126 | fploikk | 13207914070@163.com |
| 127 | fswnn33 | gyh521902@outlook.com |
| 128 | fuvlkb | luoronghui1234@outlook.com |
| 129 | hftfcn | fq89xl7i@outlook.com |
| 130 | hgwdf625 | 1042119715@qq.com |
| 131 | hover8 | 656451523@qq.com |
| 132 | jade86 | jadelaisd@163.com |
| 133 | jguyhxz10 | lj2955680076@outlook.com |
| 134 | jlyx | tengdatech2018@126.com |
| 135 | kiki2 | 2809546668@qq.com |
| 136 | kun6 | 656451523@qq.com |
| 137 | ldsf26 | 1042119715@qq.com |
| 138 | liliooo | 18850145029@163.com |
| 139 | lsclot | hjr199911@outlook.com |
| 140 | mark776 | 2671386254@qq.com |
| 141 | meyanbeautymachine2 | 784732480@qq.com |

| Doe No. | Seller Name | Email Address |
|---|---|---|
| 142 | ngyhe | 17674718331@163.com |
| 143 | Ofunuobeautymachine | 784732480@qq.com |
| 144 | okif0fe | lie859655@outlook.com |
| 145 | oklkuz | luoronghui123@outlook.com |
| 146 | perpv94 | 2033455510@qq.com |
| 147 | ploik | 17674718331@163.com |
| 148 | plpaa | 19129384328@163.com |
| 149 | pvbwcc | luoronghui1234@outlook.com |
| 150 | quak11 | 2671386254@qq.com |
| 151 | quanbai66 | sugarary88@outlook.com |
| 152 | ruiqi06 | dhruiqi@163.com |
| 153 | sbisnc | luoronghui123@outlook.com |
| 154 | slf51gs | 1042119715@qq.com |
| 155 | smyy9 | caige0225@163.com |
| 156 | szzas | 13207914070@163.com |
| 157 | takelovehome | 1728761380@qq.com |
| 158 | vmxixhs300 | lj2955680076@outlook.com |
| 159 | wedswty68 | 2025803904@qq.com |
| 160 | wedswty998 | 2047873505@qq.com |
| 162 | xovke | tiandaochouqin66@outlook.com |

| Doe No. | Seller Name | Email Address |
|---------|-------------|---------------|
| 163 | xxlb | liuyang10042022@outlook.com |
| 164 | yao07 | dhhutaomu@163.com |
| 165 | you07 | dhyounuo@163.com |
| 166 | youe | 2870338044@qq.com |
| 167 | zaneo | gyuff225kk@outlook.com |
| 168 | zhucai33 | boseta66@outlook.com |
| 170 | 12pegleg | peggywentomarket@gmail.com |
| 171 | 2016dani86 | augustodanielbenitez@hotmail.com |
| 175 | alpha_toner | alphatoner.ebay@gmail.com |
| 176 | altatac | ebay@altatac.com |
| 177 | alv-ala-x6hs5bo | alvarado7791@gmail.com |
| 178 | anything_here | kasunebaysl@gmail.com |
| 180 | armor_of_god | abiiri15@aol.com |
| 182 | aseel75 | aseelhaib99@gmail.com |
| 185 | bestowal | organic-bestowal@hotmail.com |
| 186 | BETA BOX | betabiznis@gmail.com |
| 193 | breble66 | markkay11@hotmail.com |
| 200 | dapperica | dowlingbuyers@gmail.com |
| 201 | darknessseagull25 | harry2518@googlemail.com |
| 202 | dawdigiacom0 | dawndigiacomo@gmail.com |

| Doe No. | Seller Name | Email Address |
|---------|-------------|---------------|
| 204 | dealwithzeal | conceptbymeezan@gmail.com |
| 210 | ecffl | jicruz@yahoo.com |
| 213 | finelivingcollections | sustainable101life@gmail.com |
| 214 | fnilleks | pecesitaj23@gmail.com |
| 218 | gamertechz | dvdguy6@gmail.com |
| 220 | gogetter8719 | g.turner81@yahoo.com |
| 224 | gufl8006 | guflo1975@aol.com |
| 225 | healthiswealth-tyler | tylerwooton1127@gmail.com |
| 226 | homematecollection | jon-hsiung@hotmail.com |
| 231 | jass2965 | aichac60@gmail.com |
| 235 | jg-trading | jng883@yahoo.com |
| 236 | jiche96 | jessicachen822@gmail.com |
| 237 | jkatang | KATangbusiness@gmail.com |
| 239 | jobob-treasures | mitchej6@msn.com |
| 241 | kinseibeauty4 | 1706141557@qq.com |
| 243 | lcmj2018au | 15818509589@qq.com |
| 245 | leon_gill | rongille@yahoo.com |
| 246 | linsh0p | linas.lukosius1@gmail.com |
| 248 | lowcost-10 | msbebay2@gmail.com |
| 249 | luckylemonmarket | team@lucky-lemon.com |

| Doe No. | Seller Name | Email Address |
|---|---|---|
| 250 | luxury.china | amitt.bay@gmail.com |
| 251 | mastertoner | infor@bestchoicetradingusa.com |
| 252 | maxam78 | liquidations4you@yahoo.com |
| 253 | mbz-24*de | info@mbz-24.de |
| 254 | mbz-24de | info@mbz-24.de |
| 255 | mcenterprises_llc | payments@blitzey.com |
| 256 | Mg fashion love | xcuervo69x@gmail.com |
| 257 | mhstore77 | miguelantoniohm07@gmail.com |
| 258 | migasol | mgsolsales@gmail.com |
| 260 | nadalghait0 | nada.alghaith@hotmail.com |
| 262 | nare8196 | nicarellano8@aol.com |
| 263 | nycunitedgoods | thomaslin912@gmail.com |
| 269 | positiveshopnr1 | giebut@gmail.com |
| 270 | ramireariadn-0 | ariadna.r.b88@gmail.com |
| 273 | rumaxtrade | info.rumaxtrade@gmail.com |
| 274 | shmcg-7339 | sbjmcguire@gmail.com |
| 276 | shopcom2000 | lama.jarmakani88@gmail.com |
| 279 | solyansoutlet | solyans79@yahoo.com |
| 280 | star61172 | lovemysonjfp@aol.com |
| 281 | steffanief13 | steffanieamber13@icloud.com |

| Doe No. | Seller Name | Email Address |
|---|---|---|
| 283 | stylemebri | briajosephs9@gmail.com |
| 285 | sunlin1120 | akysao@163.com |
| 287 | tandzik9 | dugokratnadevetka@gmail.com |
| 288 | tdbsmarketplace | tbarrie73@gmail.com |
| 289 | teresbenedic5 | terribenedict1948@gmail.com |
| 295 | useeisell | johnathanh06@yahoo.com |
| 297 | vmotorv | pccmotor29@gmail.com |
| 301 | watchbandspot | allavibusiness@gmail.com |
| 304 | wenfindsmore | hugo@innovationfasteners.com |
| 305 | wisithuru_product | imalshalakshani456@gmail.com |
| 308 | yolandlor-0 | sensuallash@yahoo.com |
| 309 | yyi89578 | yyyinyyy@gmail.com |
| 310 | zongtian | 564466057@qq.com |
| 315 | Lucky Lemon Market | team@lucky-lemon.com |
| 316 | PaintByNumberUK | dawlatkatawazai2002@gmail.com |
| 317 | SkinAngelLLC | admin@vaireo.com |
| 318 | Acme Approved | daniel@acmeprototype.com |
| 319 | AIIYME Store | yanlingguus@163.com |
| 322 | Beautiful & Bold Aesthetics LLC | beautifulboldaesthetics@gmail.com |
| 324 | BOTE LLC | mtgrpo059625@126.com |

| Doe No. | Seller Name | Email Address |
|---|---|---|
| 335 | Jones N Panda Corp | info@viivoom.com |
| 337 | Kikuu | luhe129231018@163.com |
| 338 | kunminghuireng Co. ltd | oyspo55@163.com |
| 340 | LonRon Co.Ltd | liangrongco@163.com |
| 341 | LotusHaze | becky@lotushaze.com |
| 345 | Sevenstore | jiaole32483@163.com |
| 351 | VASYL Flagship store | yuelaixinjiapo@163.com |
| 354 | Cao ruixin | wgp5055@163.com |