UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 23-23631-Civ-Scola

FOREO INC.,

    Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

    Defendants.

_____/

**DECLARATION OF ROSSANA BAEZA IN SUPPORT OF
PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT**

I, Rossana Baeza, declare and state as follows:

1. I am over 18 years of age, and am an attorney duly authorized and licensed to practice law the United States District Court for the Southern District of Florida. I am counsel of record for Plaintiff FOREO INC. ("Plaintiff"). I have personal knowledge of the facts set forth herein, and make this declaration in support of Plaintiff's Motion for Entry of Final Default Judgment against Defendants, the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations identified on Schedule "A" to Plaintiff's Motion for Entry of Final Default Judgment (the "Defaulting Defendants"). If called upon to do so, I could and would competently testify to the following facts set forth below.

2. On September 22, 2023, Plaintiff filed its *Ex Parte* Motion for Temporary Restraining Order (the "Motion for Temporary Restraining Order") (Dkt. 6). The Declaration of Evan Feldstein in support of Plaintiff's Motion for Temporary Restraining Order provides details about Plaintiff's intellectual property and the Defaulting Defendants' infringement of Plaintiff's

intellectual property (Dkt. 6).[1] On November 15, 2023, the Court entered an Order granting the Motion for Temporary Restraining Order (Dkt. 21). The Temporary Restraining Order and Preliminary Injunction required, inter alia, any third party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms (collectively, the "Third Party Providers") to:

> Provide Plaintiff expedited discovery of the following: (i) the identity of all financial accounts and/or sub-accounts associated with the Internet based e-commerce stores operating under the Internet Stores and subject domain names identified on Schedule A to the Complaint, as well as any other accounts of the same customer(s); (ii) the identity and location of the Defendants identified in Schedule A, including all known contact information including any and all known aliases and associated e-mail addresses; (iii) an accounting of the total funds restrained and identities of the financial account(s) and sub-account(s) for which the restrained funds are related; and (iv) information concerning sales of any Infringing Products made by Defendants.

(*See e.g.,* Order ("Temporary Restraining Order") (Dkt. 21) at p. 6, ¶ 5(b). Further, the Temporary Restraining Order and Preliminary Injunction apply to "Internet Stores and subject domain names, associated e-commerce stores and websites, and any other seller identification names, e-commerce stores, private messaging accounts, domain names and websites, or financial accounts which are being used by Defendants for the purpose of infringing Plaintiff's FOREO Patents at issue in this action" (*See* Order (Dkt. 21) at p. 6, ¶ 8.) Accordingly, pursuant to the Court's Order Granting *Ex Parte* Application for Preliminary Injunction (Dkt. 48), Plaintiff requested that the Third-Party Providers restrain all funds in Defendants' accounts. Subsequently, my firm received notice from the applicable financial institutions that they complied with the requirements of the Court's Orders.

---

[1] Exhibit 2 to that declaration contained evidence of Defendants' infringement. All the evidence of Defendants' infringement was subsequently filed under seal on November 13, 2023. (Dkt. 20). Attached as **Exhibit 1** is the evidence only for the Defaulting Defendants identified on Schedule A, namely web page captures from Defendants' Internet based e-commerce stores operating under the Internet Stores, offering for sale products infringing the Foreo Patents.

The limited information provided by the Payment Processors for the Defaulting Defendants indicates that the amount currently restrained in the Defaulting Defendants' known financial accounts ranges from $0 to $18,418.42.

3. Pursuant to the Court's November 15, 2023 Order authorizing alternate service of process on Defendants (Dkt. 22), Plaintiff served each Defendant with their respective Summons and a copy of the Complaint via electronic mail ("e-mail") and via posting on the website: http://foreo-cases.com/case-23-cv-23631.html on December 4 and 8, 2023. *See also* Dkt. 36 (Proof of Service).

4. The deadline for Defaulting Defendants to answer or respond to the Complaint has expired.

5. To date, the Defaulting Defendants have not filed any responsive pleadings to the Complaint or have not requested an extension to respond to the Complaint.

6. I have no reason to believe that any of the Defaulting Defendants are infants or incompetent persons or that the Servicemembers Civil Relief Act applies.

7. On January 31, 2024, Plaintiff filed its Request for Clerk's Entry of Default against all remaining Schedule A defendants in this matter (Dkt. 76). On February 1, 2024, the Clerk entered default against said Defendants for failure to plead or otherwise defend pursuant to Rule 55(a) of the Federal Rules of Civil Procedure (Dkt. 77).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed the 15th day of February, 2024, in Miami, Florida.

*/s/ Rossana Baeza*
Rossana Baeza