UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-23631-Civ-Scola

FOREO INC.,

      Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

      Defendants.

_____/

## [PROPOSED] ORDER ON MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

THIS MATTER comes before the Court upon the Plaintiff's, FOREO INC. ("Plaintiff") Motion for Final Default Judgement dated February 15, 2024 (Dkt. 99).

Plaintiff filed its Request for Entry of Clerk's Default on January 31, 2024, against all remaining Schedule A defendants in this matter.  (Dkt. 76). A Clerk's Default was entered against Defendants on February 1, 2024 (Dkt. 77), as Defendants failed to appear, answer, or otherwise respond to the Complaint, despite having been served. Plaintiff now seeks entry of default judgment against the Defendants identified in the attached Schedule A ("Defaulting Defendants"). The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, Plaintiff's Motion is **GRANTED**.

## I.     INTRODUCTION

Plaintiff sued Defendants for utility patent and design patent infringement pursuant to 35 U.S.C. §§ 271, 281, 282, 283, 284, 285, 289. Plaintiff is the owner and lawful assignee of all rights, title, and interest in and to several utility patents covered by U.S. Patent Nos. US 9,889,065 B2,

US 10,349,788 B1, US 11,633,073 B2, and US 9,578,956 B2 (collectively the "Utility Patents"), and design patents covered by US D698,455 S, US D716,961 S, US D734,481 S, S D774,772 S, US D771,952 S, US D882,104 S, US D882,810 S, US D773,064 S, US D760,912 S, US D799,711 S, and US D776,438 S (collectively, the "Design Patents"; together with the Utility Patents, the "FOREO Patents"). The Complaint alleges that Defendants are directly and/or indirectly importing, developing, designing, manufacturing, distributing, marketing, offering to sell and/or selling products infringing the FOREO Patents (the "Infringing Products") into the Southern District of Florida, by operating the Defendants' Internet based e-commerce stores operating under each of the Seller IDs identified on the Schedule "A" attached to this Order (the "Seller IDs").

Plaintiff further asserts that Defendants' unlawful activities have caused and will continue to cause irreparable injury to Plaintiff because Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from manufacturing, distributing, selling, offering for sale, and/or importing the patented inventions as well as the loss of sales stemming from the infringing acts.

In its Motion, Plaintiff seeks the entry of default final judgment against the Defaulting Defendants for utility and design patent infringement. Plaintiff further requests that the Court (1) enjoin the Defaulting Defendants' unlawful use of Plaintiff's Patents; (2) award Plaintiff damages; and (3) instruct any third-party financial institutions in possession of any funds restrained or held on behalf of the Defaulting Defendants to transfer these funds to Plaintiff in partial satisfaction of the award of damages.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. "[A] defendant's default does not in itself warrant the court entering a default judgment." *DirecTV, Inc.*

*v. Huynh,* 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Granting a motion for default judgment is within the trial court's discretion. *See Nishimatsu*, 515 F.2d at 1206. Because a defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered. *See id.; see also Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default …"). Upon a review of Plaintiff's submissions, there is a sufficient basis in the pleading for the default judgment to be entered in favor of Plaintiff.

## II.    FACTUAL BACKGROUND[1]

Plaintiff is the owner and lawful assignee of all right, title, and interest in and to the Utility Patents and the Design Patents, which were duly and legally issued by the United States Patent and Trademark Office. *See* Exhibit 1 to Complaint (Dkt.1). FOREO Products, which utilize the technology of, inventions claimed in, or designs embodied in at least a portion the FOREO Patents, are known for their innovative and superior performance. As a result, the FOREO Products are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from FOREO. *See* Declaration of Evan Feldstein ("Feldstein Decl.") (Dkt. 6-1) ¶¶ 5-6.

The Defaulting Defendants, through the various Internet based e-commerce stores operating under each of the Seller IDs identified on the Schedule "A" to this order, have advertised, promoted, offered for sale, sold, and/or imported products that appear to be genuine FOREO

---

[1] The factual background is taken from Plaintiff's Complaint (Dkt. 1), Plaintiff's Motion for Entry of Final Default Judgment, and supporting evidentiary submissions.

Products, but which are actually inferior and unauthorized imitations of the FOREO Products. *See id.* ¶¶ 8-14.

Plaintiff has submitted sufficient evidence showing each Defaulting Defendant has infringed, at least, one or more of the claims in the FOREO Patents. *See id.*; *see also* Exhibit 1[2] to Declaration of Rossana Baeza in Support of Plaintiff's Motion for Entry of Final Default Judgment ("Baeza Decl."). The Defaulting Defendants are not now, nor have they ever been, authorized or licensed to use the FOREO Patents. *See* Feldstein Decl. ¶ 20.

As part of its ongoing investigation regarding the sale of counterfeit and infringing products, Plaintiff hired a third party investigatory to access the Defaulting Defendants' Internet based e-commerce stores operating under each of the Seller IDs.  The third-party investigator initiated orders from each of the Seller IDs for the purchase of various products, all infringing, or suspected of infringing, the FOREO Patents, and requested each product to be shipped to an address in the Southern District of Florida. Accordingly, Defendants' Infringing Products are being promoted, advertised, offered for sale, sold and/or imported by Defendants within this district and throughout the United States. *See* Feldstein Decl. ¶¶ 12-14. A representative for Plaintiff personally analyzed the infringing items wherein orders were initiated via each of the Seller IDs by reviewing the e-commerce stores operating under each of the Seller IDs, or the detailed web page captures and images of the items utilizing the technology in the FOREO Patents, and concluded the products were non-genuine, unauthorized FOREO Products. *See id.*

## III. ANALYSIS

### A. Jurisdiction Over Plaintiff's Claims

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331

---

[2] Evidence of each Defendant's infringement is attached as Exhibit 1 to the Declaration of Rossana Baeza in Support of Plaintiff's Motion for Entry of Final Default Judgment.

and 1338. Personal jurisdiction over the Defaulting Defendants and venue in this district are proper under Florida Statutes § 48.193(1)(a)(2), § 48.193(1)(a)(1), and 28 U.S.C. § 1391(b) as Defaulting Defendants direct business activities toward consumers throughout the United States, including within the State of Florida and this district and cause harm to Plaintiff's business (that also qualifies as "tortious acts") within this jurisdiction through the Internet based e-commerce stores and websites operating under the Seller IDs. *See* Compl. ¶¶ 11-15.

### B.  Liability

#### 1.      Utility Patent Infringement Pursuant to 35 U.S.C. § 271

To establish utility patent infringement a plaintiff must establish that defendant has made, used, sold or offered for sale a product that meets at least one of the claims of the asserted patent. 35 U.S.C. § 271(a). The plaintiff must establish that "every limitation set forth in a claim [is] found in an accused product..." *Becton, Dickinson & Co. v. Tyco Healthcare Group, LP,* 616 F.3d 1249, 1253 (Fed. Cir. 2010) (quoting *Southwall Techs., Inc. v. Cardinal IG Co*., 54 F.3d 1570, 1575 (Fed. Cir. 1995)).

The well-pled factual allegations of Plaintiff's Complaint, including specifically those pled in paragraphs 21-57 (Dkt. 1), properly allege the elements for utility patent infringement. Moreover, the factual allegations in Plaintiff's Complaint, substantiated by the evidence submitted here, conclusively establish the Defaulting Defendants' liability under the claim asserted in the Complaint. Feldstein Decl. ¶¶ 8-14 (demonstrating that each defendant has offered for sale, sold and imported into the United States at least one product that meets each limitation of at least one claim of each of the Utility Patents at issue).

#### 2.      Design Patent Infringement Pursuant to 35 U.S.C. § 289

Plaintiff has established a substantial likelihood of success on the merits for its design

patent infringement claim. To prevail on its patent infringement claim, Plaintiff must demonstrate that the accused product infringes a patented design. Design patent infringement requires a showing that the accused design is substantially the same as the claimed design. The criterion is deception of the ordinary observer, such that one design would be confused with the other. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F. 3d 665, 679 (Fed. Cir. 2008). Under this test, the central inquiry is whether an "ordinary observer," who is familiar with the prior art, would find the overall appearance of the accused product to be "substantially the same" as the overall appearance of the patented design. *Id*. at 677; *see also Amini Innovation Corp. v. Anthony Cal., Inc.*, 439 F .3d 1365, 1372 (Fed. Cir. 2006); *Pride Fam. Brands, Inc. v. Carl's Patio, Inc.*, 992 F. Supp. 2d 1214, 1224 (S.D. Fla. 2014) (citing *Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1871) ("If to the ordinary observer the resemblance between the two designs is such as to deceive the observer, inducing him to purchase one supposing it to be the other, then the first one patented is infringed by the other."). An infringing product need not be an exact copy of the patented design, and Defendants cannot escape infringement by introducing minor variations into an otherwise copycat product. *Egyptian Goddess*, 543 F. 3d at 670.

Plaintiff is the inventor and owner of Design Patents, and the Defaulting Defendants have without authorization used and offered for sale Plaintiff's Design Patents. The well-pled factual allegations of Plaintiff's Complaint, including the specific allegations identified in the previous paragraphs, properly allege the elements for design patent infringement. Moreover, the factual allegations in Plaintiff's Complaint, substantiated by the evidence submitted, conclusively establish Defaulting Defendants' liability for design patent infringement asserted in the Complaint.

### C.    Injunctive Relief

A district court "may grant injunctions in accordance with the principles of equity to

prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. "[I]n a default judgment setting, injunctive relief is available. Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiffs to prevent further infringement absent an injunction." *Atmos Nation, LLC v. Pana Depot, Inc.*, No. 14-CIV-62620, 2015 WL 11198010, at *2 (S.D. Fla. Apr. 8, 2015); *see also Jackson v. Sturkie*, 255 F. Supp. 2d. 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief."). Moreover, even in a default judgment setting, injunctive relief is available. *See e.g., PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1222-23 (S.D. Fla. 2004).

Permanent injunctive relief is appropriate where a plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006). A court's analysis of these factors "proceeds with an eye to the 'long tradition of equity practice' granting 'injunctive relief upon a finding of infringement in the vast majority of patent cases.'" *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1362 (Fed. Cir. 2012) (citation omitted). Indeed, "[a]bsent adverse equitable considerations, the winner of a judgment of validity and infringement may normally expect to regain the exclusivity that was lost with the infringement." *Edwards Lifesciences AG v. CoreValve, Inc.*, 699 F.3d 1305, 1314 (Fed. Cir. 2012) *cert. denied*, 134 S. Ct. 82 (2013). Plaintiff has carried its burden on each of the four factors, rendering permanent injunctive relief appropriate. First, Plaintiff is irreparably harmed. As alleged and supported by the declarations previously submitted, Defendants' acts of infringement have eroded Plaintiff's market

for the FOREO line of products and impacted FOREO's goodwill. *See* Feldstein Decl. ¶¶ 26-30. Indeed, the Defendants' Infringing Products have weakened FOREO's credibility and reputation, resulting in a loss of unquantifiable future sales. *Id*. at ¶ 27. Moreover, the Infringing Products are in direct competition with FOREO Products. As a result, Plaintiff's market position is being irreparably damaged by Defendants' continued infringement. *See Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1363 (Fed. Cir. 2012) ("Direct competition in the same market is certainly one factor suggesting strongly the potential for irreparable harm without enforcement of the right to exclude.").

The second factor favors a permanent injunction as well. Because Defendants have failed to appear, Plaintiff does not have the ability to discover the full extent of monetary damages it could recover from Defendants to compensate them for Defendants' infringement, thus, there is no adequate remedy at law. *Enpat, Inc. v. Budnic*, No. 6:11-CV-86-PCF-KRS, 2011 WL 1196420, at *4 (M.D. Fla. Mar. 29, 2011) (defendant's refusal to appear in the case "reinforces the inadequacy of a remedy at law and the irreparability of the harm absent an injunction"). Additionally, Plaintiff has no adequate remedy at law so long as Defendants continue to use the FOREO Patents in connection with the operation of the e-commerce stores under the Seller IDs because Plaintiff will have no control of the quality of the goods that could be associated with FOREO Products. An award of money damages alone will not cure the injury to Plaintiff's reputation and goodwill which will result if Defendants' infringing actions are allowed to continue.

The third factor—the balance of harm—also weighs in Plaintiff's favor and warrants the equitable remedy of a permanent injunction. Plaintiff has a significant interest in enforcing its patent rights and in fact spends significant resources protecting and enforcing its intellectual property. Feldstein Decl. ¶¶ 10, 25. Enjoining Defendants is critical to prevent hardship to Plaintiff

from loss of sales and/or injury to Plaintiff's reputation and good will. By contrast, Defendants face no hardship if they are prohibited from the infringement of Plaintiff's patents, which are illegal acts.

Finally, the public interest supports the issuance of a permanent injunction against Defendants to prevent consumers from being misled by Defendants' counterfeit products. *See Nike, Inc. v. Leslie*, 1985 WL 5251, at *1 (M.D. Fla. June 24, 1985) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior."). The Court's broad equity powers allow it to fashion injunctive relief necessary to stop Defendants' infringing activities. *See, e.g., Swann v. Charlotte-Mecklenburg Bd. of Educ.,* 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for . . . [t]he essence of equity jurisdiction has been the power of the Chancellor to do equity and to mold each decree to the necessities of the particular case." (citation and internal quotation marks omitted)); *United States v. Bausch & Lomb Optical Co*., 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole.").

Defendants have created an Internet-based infringement scheme in which they are profiting from their deliberate misappropriation of Plaintiff's rights. Unless the listings and images are permanently removed, and the infringing goods destroyed, Defendants will be free to continue infringing Plaintiff's intellectual property with impunity and will continue to defraud the public with their illegal activities. Accordingly, the Court may fashion injunctive relief to eliminate the means by which Defendants are conducting their unlawful activities.

### D.       Damages for Design Patent and Utility Patent Infringement

Plaintiff's Complaint sets forth a cause of action for both utility and design patent infringement pursuant to the Patent Act, 35 U.S.C. § 271, 35 U.S.C. § 289, and 35 U.S.C. § 284. Plaintiff provided as an exhibit a table identifying the specific patent(s) infringed, and the calculated damages for each Defaulting Defendant. This Court may award statutory damages "without holding an evidentiary hearing based upon affidavits and other documentary evidence if the facts are not disputed." *Perry Ellis Int'l, Inc. v. URI Corp.*, 2007 WL 3047143, at *1 (S.D. Fla. Oct. 18, 2007). Although the Court is permitted to conduct a hearing on a default judgment in regards to damages pursuant to Fed. R. Civ. P. 55(b)(2)(B), an evidentiary hearing is not necessary where there is sufficient evidence on the record to support the request for damages. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . We have held that no such hearing is required where all essential evidence is already of record." (citations omitted)). Here, there is no hearing necessary, as Plaintiff's affidavit provides sufficient evidence on the record to support Plaintiff's request for damages.

***Statutory Damages.*** As an additional remedy for design patent infringement, the Patent Act imposes liability on infringers of design patents "to the extent of his total profit, but not less than $250." 35 U.S.C. § 289. To the extent that the Defaulting Defendants' known total profits were less than $250 in connection with the sale of products that infringe on the Design Patents, Plaintiff seeks $250 for the infringement of each Design Patent.

***Lost Profits.*** Under 35 U.S.C. § 284, design patent or utility patent infringers may be liable for lost profits or a reasonable royalty. To the extent that the Defaulting Defendants' total profits exceeded $250, Plaintiff seeks lost profits.[3]

---

[33] Plaintiff seeks lost profits in connection with seven (7) Defaulting Defendants.

The Patent Act provides that "[u]pon finding for the claimant, the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer." 35 U.S.C. § 284. These damages may be increased "up to three times the amount found or assessed." *Id.* In determining damages for patent infringement, "the focus is on compensating the patentee or the plaintiff for this injury." *IMX, Inc. v. E-Loan, Inc.*, 748 F. Supp. 2d 1354, 1361 (S.D. Fla. 2010). "[T]he general rule for determining actual damages to a patentee that is itself producing the patented item is to determine the sales and profits lost to the patentee because of the infringement." *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1545 (Fed. Cir. 1995). Pursuant to 35 U.S.C. § 284, Plaintiff seeks to recover an award of lost profits.

Determining an award under Section 289 involves two steps: "First, identify the 'article of manufacture' to which the infringed design has been applied. Second, calculate the infringer's total profit made on that article of manufacture." *Samsung Elecs. Co. v. Apple, Inc.*, 137 S. Ct. 429, 434 (2016). The plaintiff has the initial burden to show the article of manufacture and the defendant's total profit on that article. *Evriholder Prods. LLC v. Simply LBS Ltd. Co.*, No. 17-cv-4329, 2020 WL 7060336, at *9 (S.D.N.Y. Apr. 21, 2020) ("[A]fter a plaintiff in a patent action submits admissible evidence of an infringer's gross profit … it is the infringer's burden to submit admissible evidence to establish that other expenses and costs should be deducted from that profit.") (citing *Nordock, Inc.v . Sys., Inc.*, No. 11-cv-118, 2017 WL 5633114, at *3 (E.D. Wisc. Nov. 21, 2017) (collecting cases)). The defendant then has the burden to produce evidence as to any deductions from the total profit identified by plaintiff (or to show the article of manufacture, if it believes it to be different). *Evriholder*, 2020 WL 706036, at 9.

When calculating an infringer's profits, courts have held in similar contexts that any uncertainty is to be resolved against the infringer. *See, e.g.*, *Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 US. 203, 206-07 (1942) ("The burden is the infringer's to prove that his infringement had no cash value in sales made by him. If he does not do so, the profits made on sales of goods bearing the infringing mark properly belong to the owner"). For example, "[t]he Second Circuit instructs that in determine infringement damages, courts are to resolve against the defendant any factual uncertainties, such as whether any portion of the defendants' revenue may be deducted from damages, when the defendants left the uncertainty by not responding to the evidence of counterfeit sales with evidence of their own," as is the case here. *Sara Lee Corp. v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 169 (S.D.N.Y. 1999) (citing *Lous Vouitton S.A. v. Spencer Handbags Corp.*, 765 F.2d 966 (2d Cir. 1985) (holding that where defendants failed to meet their burden regarding profit calculation, court could adopt plaintiff's proposed calculation); *see also Chloe v. Zarafshan*, No. 06-cv-3140, 2009 WL 2956827, at *5 (S.D.N.Y. Sept. 15, 2009) (awarding infringer's entire revenue and noting that "the court may resolve any doubts against the defendant in calculating profits, particularly if the uncertainty is due to the defendant's inadequate record keeping or failure to produce documentary evidence") (quoting *Aris Isotoner, Inc. v. Dong Jin Trading Co., Inc.*, No. 87-cv-890, 1989 WL 236526, at *5 (S.D.N.Y. Sept. 22, 1989) (collecting cases)).

In cases where defendants have failed to produce documents to characterize revenue, courts have entered a profits award for the entire revenue amount. *See, e.g.*, *Chloe*, 2009 WL 2956827 at *5 (entering profits award for the entire revenue amount even though "records offer no guidance as to how much of this revenue stream related to [Plaintiff's] products (as opposed to other products not at issue in this case) or as to the costs incurred in acquiring and selling these

products."); *New York Racing Ass'n, Inc. v. Stroup News Agency Corp.*, 920 F. Supp. 295, 301 (N.D.N.Y. 1996) (calculating lost profits based on gross figures where defendant offered no evidence of cost of goods sold) (citing *Am. Honda Motor Co. v. Two Wheel Corp.*, 918 F.2d 1060, 1063 (2d Cir. 1990) ("Ordinarily, a plaintiff that has proved the amount of infringing sales would be entitled to that amount unless the defendant adequately proved the amount of costs to be deducted from it.")); *WMS Gaming, Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 608 (7th Cir. 2008) (placing burden on defendant to show that certain portions of its revenues were not obtained through infringement of plaintiff's marks).

Indeed, under normal circumstances, it is the infringer who bears the burden of "offering a fair and acceptable formula for allocating a given portion of overhead to the particular infringing items in issue." *Sunbeam Prods., Inc. v. Wing Shing Prods. (BVI) Ltd.*, 311 B.R. 378, 401 (S.D.N.Y. 2004), *aff'd*, 153 F. App'x 703 (Fed. Cir. 2005) (citation omitted). "But if the infringer has failed to produce any evidence … the Court must determine the costs to be subtracted from revenue based on the evidence it has to determined profits." *See Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1447 (Fed. Cir. 1998).

Here, the Design Patents claim ornamental designs for skin massagers. In the case of a design for a single-component product, such as the Design Patents, the "product is the article of manufacture to which the design has been applied." *Samsung Elecs. Co. v. Apple, Inc.*, 137 S. Ct. at 367. Accordingly, the relevant article of manufacture is each of the Infringing Products sold by Defaulting Defendants.

Since Defaulting Defendants have chosen not to participate in these proceedings, Plaintiff has limited available information, received from the Third Party Providers, regarding Defaulting Defendants' profits from the sale of Infringing Products. Defaulting Defendants have failed to

appear in this matter and have not produced any documents or information: (1) characterizing each of the transactions in their financial accounts, (2) other accepted payment methods; or (3) other internet stores that they may be operating. As a result, Defaulting Defendants have not met their burden to apportion gross receipts between infringing and not-infringing product sales, or to show any deductions.

Since the Defaulting Defendants have not met their burden of apportioning gross sales or showing any deductions, the Court awards the greater of the amount restrained or $250.00 for each Defaulting Defendant.[4] *See Evriholder* 2020 WL 706036, at *9; 35 U.S.C. § 289. The limited information provided by the Payment Processors for Defaulting Defendants indicates that the amount currently restrained in the Defaulting Defendants' known financial accounts ranges from $0 to $18,418.42. Baeza Decl. at ¶ 2. A breakdown by Defaulting Defendant of the amount currently restrained and the corresponding profit award is provided in the chart in the attached Exhibit 1.

## IV.   CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion is **GRANTED** against those Defendants listed in the attached Schedule "A." Final Default Judgment will be entered by separate order.

DONE AND ORDERED in Miami, Florida, this ___ day of February, 2024.

---

[4] Each Defaulting Defendant infringed on at least one Design Patent, entitling Plaintiff to a minimum of $250 for each such infringement. If the Third-Party Provider provided information about gross profits for a specific infringing product (i.e., the "Gross Merchant Value"), the Plaintiff sought that amount. If the Third Party Provider did not provide such information and provided only the entire revenue amount, the Plaintiff then sought the reported entire revenue amount for the Defaulting Defendant. *See, e.g.*, *Chloe*, 2009 WL 2956827 at *5 (entering profits award for the entire revenue amount in even though "records offer no guidance as to how much of this revenue stream related to [Plaintiff's] products (as opposed to other products not at issue in this case) or as to the costs incurred in acquiring and selling these products.").

**HONORABLE ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

**Schedule A**

| Doe No. | Seller Name | Defendant Online Marketplace |
|---|---|---|
| 72 | Forever Beauty House Store | https://www.aliexpress.com/store/1102528230?spm=a2g0o.detail.1000007.1.5a435c91tP3s1Q |
| 73 | Fuarscs Beauty Official Store | https://www.aliexpress.com/store/1101757963?spm=a2g0o.detail.1000007.1.296f1919KSSb4k |
| 74 | Hchenyu Store | https://www.aliexpress.com/store/1101404035?spm=a2g0o.detail.1000007.1.3cf568a9TM46OZ |
| 75 | Lola Beauty | https://www.aliexpress.com/store/1102069167?spm=a2g0o.detail.1000007.1.71d11985Ep3uyz |
| 77 | Shiner Store | https://www.aliexpress.com/store/1101686245?spm=a2g0o.detail.100005.1.312e1ccaIyY9yN |
| 78 | Shopping Factory Store | https://www.aliexpress.com/store/1101454209?spm=a2g0o.detail.1000007.1.5ebae2e4eZmKDI |
| 79 | Amazing China Products | https://www.amazon.com/sp?seller=A31YXGZGD4XJV8 |
| 80 | ITME Store | https://www.amazon.com/sp?seller=A1KJVY3I65ROCH |
| 81 | Lucky-minfan | https://www.amazon.com/sp?seller=A1A56KX7ZTY8KK |
| 82 | suiningaitufuzhuangdian | https://www.amazon.com/sp?seller=A34T264I7VJIOD |
| 83 | XingZhouHe | https://www.amazon.com/sp?seller=a102of9f9s428u |
| 84 | Zhou Daweidedian | https://www.amazon.com/sp?seller=AMBXWQQ2JEV58 |
| 85 | aawqq | https://www.dhgate.com/store/about-us/21815099.html |
| 86 | adrs7 | https://www.dhgate.com/store/about-us/21829351.html |
| 87 | basop6 | https://www.dhgate.com/store/about-us/21829274.html |
| 88 | beatrix2 | https://www.dhgate.com/store/about-us/21829915.html |
| 89 | bevjhb | https://www.dhgate.com/store/about-us/21826825.html |
| 90 | bfrda | https://www.dhgate.com/store/about-us/21815060.html |
| 91 | bgeed | https://www.dhgate.com/store/about-us/21815149.html |
| 92 | bgrft | https://www.dhgate.com/store/about-us/21815141.html |
| 93 | bttr88 | https://www.dhgate.com/store/about-us/21829273.html |
| 94 | buirnce | https://www.dhgate.com/store/about-us/21829951.html |
| 95 | bvbcuw | https://www.dhgate.com/store/about-us/21826938.html |
| 96 | bvvfcf | https://www.dhgate.com/store/about-us/21815100.html |
| 97 | bxhtqb | https://www.dhgate.com/store/about-us/21826900.html |
| 98 | ccfft | https://www.dhgate.com/store/about-us/21815063.html |
| 99 | cffzz | https://www.dhgate.com/store/about-us/21815124.html |
| 100 | cfghy | https://www.dhgate.com/store/about-us/21815031.html |
| 101 | cfgtre | https://www.dhgate.com/store/about-us/21815061.html |

| Doe No. | Seller Name | Defendant Online Marketplace |
|---|---|---|
| 102 | cftde | https://www.dhgate.com/store/about-us-21815088.html |
| 103 | cftgff | https://www.dhgate.com/store/about-us-21815050.html |
| 104 | cggmk | https://www.dhgate.com/store/about-us-21815138.html |
| 105 | ctufqi | https://www.dhgate.com/store/about-us-21826854.html |
| 106 | davkpj | https://www.dhgate.com/store/about-us-21826833.html |
| 107 | ddyzvy | https://www.dhgate.com/store/about-us-21826856.html |
| 108 | dffrft | https://www.dhgate.com/store/about-us-21815096.html |
| 109 | diana11 | https://www.dhgate.com/store/about-us-21829821.html |
| 110 | diejck | https://www.dhgate.com/store/about-us-21829284.html |
| 111 | dina51 | https://www.dhgate.com/store/about-us-21816152.html |
| 112 | djife32 | https://www.dhgate.com/store/about-us-21816126.html |
| 113 | dldl123123 | https://www.dhgate.com/store/about-us-21815014.html |
| 114 | dslf44 | https://www.dhgate.com/store/about-us-21816154.html |
| 115 | ecmuyn | https://www.dhgate.com/store/about-us-21826861.html |
| 116 | edmki | https://www.dhgate.com/store/about-us-21815178.html |
| 117 | eloif69 | https://www.dhgate.com/store/about-us-21816110.html |
| 118 | emnru230 | https://www.dhgate.com/store/about-us-21816095.html |
| 119 | erinog | https://www.dhgate.com/store/about-us-21829919.html |
| 120 | eurj18 | https://www.dhgate.com/store/about-us-21816184.html |
| 121 | fasr87 | https://www.dhgate.com/store/about-us-21814681.html |
| 122 | femf95f | https://www.dhgate.com/store/about-us-21816216.html |
| 123 | fitzgerald2 | https://www.dhgate.com/store/about-us-21842200.html |
| 124 | fmmaoe2 | https://www.dhgate.com/store/about-us-21816127.html |
| 125 | foigj55 | https://www.dhgate.com/store/about-us-21816116.html |
| 126 | fploikk | https://www.dhgate.com/store/about-us-21815093.html |
| 127 | fswnn33 | https://www.dhgate.com/store/about-us-21816115.html |
| 128 | fuvlkb | https://www.dhgate.com/store/about-us-21826927.html |
| 129 | hftfcn | https://www.dhgate.com/store/about-us-21826857.html |
| 130 | hgwdf625 | https://www.dhgate.com/store/about-us-21816218.html |
| 131 | hover8 | https://www.dhgate.com/store/about-us-21814728.html |
| 132 | jade86 | https://www.dhgate.com/store/about-us-14388207.html |
| 133 | jguyhxz10 | https://www.dhgate.com/store/about-us-21830040.html |
| 134 | jlyx | https://www.dhgate.com/store/about-us-21817842.html |
| 135 | kiki2 | https://www.dhgate.com/store/about-us-21814670.html |
| 136 | kun6 | https://www.dhgate.com/store/about-us-21814726.html |
| 137 | ldsf26 | https://www.dhgate.com/store/about-us-21816210.html |
| 138 | liliooo | https://www.dhgate.com/store/about-us-21815122.html |
| 139 | lsclot | https://www.dhgate.com/store/about-us-21829214.html |

| Doe No. | Seller Name | Defendant Online Marketplace |
|---------|-------------|------------------------------|
| 140 | mark776 | https://www.dhgate.com/store/about-us/21814686.html |
| 141 | meyanbeautymachine2 | https://www.dhgate.com/store/about-us/21582550.html |
| 142 | ngyhe | https://www.dhgate.com/store/about-us/21815177.html |
| 143 | Ofunuobeautymachine | https://www.dhgate.com/store/about-us/21801566.html |
| 144 | okif0fe | https://www.dhgate.com/store/about-us/21816175.html |
| 145 | oklkuz | https://www.dhgate.com/store/about-us/21826923.html |
| 146 | perpv94 | https://www.dhgate.com/store/about-us/21816109.html |
| 147 | ploik | https://www.dhgate.com/store/about-us/21815155.html |
| 148 | plpaa | https://www.dhgate.com/store/about-us/21815030.html |
| 149 | pvbwcc | https://www.dhgate.com/store/about-us/21826944.html |
| 150 | quak11 | https://www.dhgate.com/store/about-us/21814691.html |
| 151 | quanbai66 | https://www.dhgate.com/store/about-us/21829195.html |
| 152 | ruiqi06 | https://www.dhgate.com/store/about-us/21083942.html |
| 153 | sbisnc | https://www.dhgate.com/store/about-us/21826904.html |
| 154 | slf51gs | https://www.dhgate.com/store/about-us/21816207.html |
| 155 | smyy9 | https://www.dhgate.com/store/about-us/21769411.html |
| 156 | szzas | https://www.dhgate.com/store/about-us/21815098.html |
| 157 | takelovehome | https://www.dhgate.com/store/about-us/19924572.html |
| 158 | vmxixhs300 | https://www.dhgate.com/store/about-us/21830055.html |
| 159 | wedswty68 | https://www.dhgate.com/store/about-us/21815219.html |
| 160 | wedswty998 | https://www.dhgate.com/store/about-us/21815240.html |
| 162 | xovke | https://www.dhgate.com/store/about-us/21829288.html |
| 163 | xxlb | https://www.dhgate.com/store/about-us/21829329.html |
| 164 | yao07 | https://www.dhgate.com/store/about-us/21755154.html |
| 165 | you07 | https://www.dhgate.com/store/about-us/21751596.html |
| 166 | youe | https://www.dhgate.com/store/about-us/21815047.html |
| 167 | zaneo | https://www.dhgate.com/store/about-us/21829935.html |
| 168 | zhucai33 | https://www.dhgate.com/store/about-us/21829229.html |
| 170 | 12pegleg | https://www.ebay.com/usr/12pegleg?_trksid=p2047675.m3561.l2559 |
| 171 | 2016dani86 | https://www.ebay.com/usr/2016dani86 |
| 175 | alpha_toner | https://www.ebay.com/usr/alpha_toner |
| 177 | alv-ala-x6hs5bo | https://www.ebay.com/usr/alv-ala-x6hs5bo?_trksid=p2047675.m3561.l2559 |
| 178 | anything_here | https://www.ebay.com/usr/anything_here |
| 180 | armor_of_god | https://www.ebay.com/usr/armor_of_god |
| 182 | aseel75 | https://www.ebay.com/usr/aseel75?_trksid=p2047675.m3561.l2559 |

| Doe No. | Seller Name | Defendant Online Marketplace |
|---|---|---|
| 185 | bestowal | https://www.ebay.com/usr/bestowal?_trksid=p2047675.m3561.l2559 |
| 186 | BETA BOX | https://www.ebay.com/usr/beta-box?_trksid=p2047675.m3561.l2559 |
| 193 | breble66 | https://www.ebay.com/usr/breble66?_trksid=p2047675.m3561.l2559 |
| 200 | dapperica | https://www.ebay.com/usr/dapperica |
| 201 | darknessseagull25 | https://www.ebay.com/usr/darknessseagull25 |
| 202 | dawdigiacom0 | https://www.ebay.com/usr/dawdigiacom0?_trksid=p2047675.m3561.l2559 |
| 204 | dealwithzeal | https://www.ebay.com/usr/dealwithzeal?_trksid=p2047675.m3561.l2559 |
| 210 | ecffl | https://www.ebay.com/usr/ecffl?_trksid=p2047675.m3561.l2559 |
| 213 | finelivingcollections | https://www.ebay.com/usr/finelivingcollections?_trksid=p2047675.m3561.l2559 |
| 214 | fnilleks | https://www.ebay.com/usr/fnilleks |
| 218 | gamertechz | https://www.ebay.com/usr/gamertechz |
| 220 | gogetter8719 | https://www.ebay.com/usr/gogetter8719?_trksid=p2047675.m3561.l2559 |
| 224 | gufl8006 | https://www.ebay.com/usr/gufl8006 |
| 225 | healthiswealth-tyler | https://www.ebay.com/usr/healthiswealth-tyler?_trksid=p2047675.m3561.l2559 |
| 226 | homematecollection | https://www.ebay.com/usr/homematecollection |
| 231 | jass2965 | https://www.ebay.com/usr/jass2965?_trksid=p2047675.m3561.l2559 |
| 235 | jg-trading | https://www.ebay.com/usr/jg-trading?_trksid=p2047675.m3561.l2559 |
| 236 | jiche96 | https://www.ebay.com/usr/jiche96 |
| 239 | jobob-treasures | https://www.ebay.com/usr/jobob-treasures?_trksid=p2047675.m3561.l2559 |
| 241 | kinseibeauty4 | https://www.ebay.com/usr/kinseibeauty4?_trksid=p2047675.m3561.l2559 |
| 243 | lcmj2018au | https://www.ebay.com/usr/lcmj2018au |
| 245 | leon_gill | https://www.ebay.com/usr/leon_gill?_trksid=p2047675.m3561.l2559 |
| 246 | linsh0p | https://www.ebay.com/usr/linsh0p?_trksid=p2047675.m3561.l2559 |
| 248 | lowcost-10 | https://www.ebay.com/usr/lowcost-10 |
| 249 | luckylemonmarket | https://www.ebay.com/usr/luckylemonmarket |

| Doe No. | Seller Name | Defendant Online Marketplace |
|---|---|---|
| 250 | luxury.china | https://www.ebay.com/usr/luxury.china |
| 251 | mastertoner | https://www.ebay.com/usr/mastertoner |
| 252 | maxam78 | https://www.ebay.com/usr/maxam78 |
| 253 | mbz-24*de | https://www.ebay.com/usr/mbz-24*de |
| 254 | mbz-24de | https://www.ebay.com/usr/mbz-24*de?_trksid=p2047675.m3561.l2559 |
| 255 | mcenterprises_llc | https://www.ebay.com/usr/mcenterprises_llc?_trksid=p2047675.m3561.l2559 |
| 256 | Mg fashion love | https://www.ebay.com/usr/mgfashionlove?_trksid=p2047675.m3561.l2559 |
| 257 | mhstore77 | https://www.ebay.com/usr/mhstore77 |
| 258 | migasol | https://www.ebay.com/usr/migasol?_trksid=p2047675.m3561.l2559 |
| 260 | nadalghait0 | https://www.ebay.com/usr/nadalghait0?_trksid=p2047675.m3561.l2559 |
| 262 | nare8196 | https://www.ebay.com/usr/nare8196 |
| 263 | nycunitedgoods | https://www.ebay.com/usr/nycunitedgoods?_trksid=p2047675.m3561.l2559 |
| 269 | positiveshopnr1 | https://www.ebay.com/usr/positiveshopnr1?_trksid=p2047675.m3561.l2559 |
| 270 | ramireariadn-0 | https://www.ebay.com/usr/ramireariadn-0?_trksid=p2047675.m3561.l2559 |
| 273 | rumaxtrade | https://www.ebay.com/usr/rumaxtrade |
| 274 | shmcg-7339 | https://www.ebay.com/usr/shmcg-7339?_trksid=p2047675.m3561.l2559 |
| 276 | shopcom2000 | https://www.ebay.com/usr/shopcom2000?_trksid=p2047675.m3561.l2559 |
| 279 | solyansoutlet | https://www.ebay.com/usr/solyansoutlet |
| 280 | star61172 | https://www.ebay.com/usr/star61172 |
| 281 | steffanief13 | https://www.ebay.com/usr/steffanief13?_trksid=p2047675.m3561.l2559 |
| 283 | stylemebri | https://www.ebay.com/usr/stylemebri |
| 285 | sunlin1120 | https://www.ebay.com/usr/wisithuru_product?_trksid=p2047675.m3561.l2559 |
| 287 | tandzik9 | https://www.ebay.com/usr/tandzik9 |
| 288 | tdbsmarketplace | https://www.ebay.com/usr/tdbsmarketplace?_trksid=p2047675.m3561.l2559 |

| Doe No. | Seller Name | Defendant Online Marketplace |
|---------|-------------|------------------------------|
| 289 | teresbenedic5 | https://www.ebay.com/usr/teresbenedic5?_trksid=p2047675.m3561.l2559 |
| 295 | useeisell | https://www.ebay.com/usr/useeisell?_trksid=p2047675.m3561.l2559 |
| 297 | vmotorv | https://www.ebay.com/usr/vmotorv?_trksid=p2047675.m3561.l2559 |
| 301 | watchbandspot | https://www.ebay.com/usr/watchbandspot |
| 304 | wenfindsmore | https://www.ebay.com/usr/wenfindsmore |
| 305 | wisithuru_product | https://www.ebay.com/usr/wisithuru_product |
| 308 | yolandlor-0 | https://www.ebay.com/usr/yolandlor-0?_trksid=p2047675.m3561.l2559 |
| 309 | yyi89578 | https://www.ebay.com/usr/yyi89578?_trksid=p2047675.m3561.l2559 |
| 310 | zongtian | https://www.ebay.com/usr/zongtian |
| 315 | Lucky Lemon Market | https://www.etsy.com/shop/LuckyLemonMarket?ref=l2-about-shopname |
| 316 | PaintByNumberUK | https://www.etsy.com/shop/PaintByNumberUK?ref=l2-about-shopname |
| 317 | SkinAngelLLC | https://www.etsy.com/shop/SkinAngelLLC?ref=l2-about-shopname |
| 318 | Acme Approved | https://www.walmart.com/seller/2572?itemId=1976500705&pageName=item |
| 319 | AIIYME Store | https://www.walmart.com/seller/101115669?itemId=823755547&pageName=item |
| 322 | Beautiful & Bold Aesthetics LLC | https://www.walmart.com/seller/101099899?itemId=758755217&pageName=item&returnUrl=%2Fip%2FDeep-Cleaning-Silicone-Facial-Cleansing-Brush-Electric-Massage-Brush%2F758755217%3Ffrom%3D%252Fsearch |
| 324 | BOTE LLC | https://www.walmart.com/seller/101242499?itemId=1646377688&pageName=item |
| 335 | Jones N Panda Corp | https://www.walmart.com/reviews/seller/101048089 |
| 337 | Kikuu | https://www.walmart.com/seller/101260845?itemId=2084886749&pageName=item |
| 338 | kunminghuireng Co. ltd | https://www.walmart.com/seller/101269102?itemId=413762092&pageName=item |
| 340 | LonRon Co.Ltd | https://www.walmart.com/seller/101273026?itemId=1512145364&pageName=item |
| 341 | LotusHaze | https://www.walmart.com/seller/101212924?itemId=1733247367&pageName=item |

| Doe No. | Seller Name | Defendant Online Marketplace |
|---------|-------------|------------------------------|
| 345 | Sevenstore | https://www.walmart.com/seller/101257607?itemId=2735431672&pageName=item |
| 351 | VASYL Flagship store | https://www.walmart.com/seller/101213681?itemId=3386997016&pageName=item&returnUrl=%2Fip%2FSilicone-Facial-Cleaning-Brush-Skin-Care-Wash-Cleansing-Device-Beauty-Facial%2F3386997016%3Ffrom%3D%252Fsearch |
| 354 | Cao ruixin | https://www.wish.com/merchant/5f28b9ebb8547a004d3cc80f |