United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Foreo Inc., Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| The Individuals, Corporations, ) | Civil Action No. 23-23631-Civ-Scola |
| Limited Liability Companies, ) | |
| Partnerships, and Unincorporated ) | |
| Associations Identified on Schedule ) | |
| A, Defendants. ) | |

### Order Adopting Magistrate Judge's Report And Recommendation

This cause comes before the Court on the Plaintiff Foreo Inc.'s ("Foreo") motion for final default judgment against certain Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" (collectively, the "Defaulting Defendants"). (Pl.'s Mot., ECF No. 99.) Plaintiff's complaint brings two claims: utility patent infringement (count one) and design patent infringement (count two) under the Patent Act, 35 U.S.C. § 271. (ECF No. 1.) However, the Plaintiff has since withdrawn "its claim for entry of final default judgment against defendants for utility patent infringement." (ECF 123.)

The motion for final default judgment was referred to United States Magistrate Judge Jonathan Goodman for a report and recommendations. (Court's Ref., ECF No. 101.) Judge Goodman concluded the complaint establishes the Defaulting Defendants' infringement of Plaintiff's design patents. (ECF No. 127.) Accordingly, Judge Goodman recommended the Court "enter permanent injunctive relief consistent with the terms listed in subsections (1) and (2) of Plaintiff's proposed final default judgment and permanent injunction" with the exclusion of paragraph (1)(b); award Plaintiff lost profits from seven of the Defaulting Defendants; and award Plaintiff statutory damages of $250 against each of the remaining Defaulting Defendants. (*Id.*) For the seven Defaulting Defendants from whom Plaintiff seeks lost profits[1], Judge Goodman recommends the Court "award Plaintiff the greater of $250.00 or the amounts restrained in the e-commerce accounts as

---

[1] Relating to lost profits, Plaintiff seeks the following amounts from these Defendants: (1) No. 79 Amazing China Products, $148,420.49; (2) No. 80 ITME Store, $2,199.33; (3) No. 93 bttr88, $501.47; (4) No. 106 davkpj, $432.62; (5) No. 119 erinog, $503.69; (6) No. 141 meyanbeautymachine2, $2,011.46; and (7) No. 143 Ofunuibeautymachine, $3,114.24.

lost profit damages." (*Id.*) However, for Defendant No. 79, Amazing China Products, Judge Goodman recommends the Court award Plaintiff $18,418.49 in lost profits, rather than the requested $148,420.49, due to a discrepancy between Plaintiff's counsel's declaration (which identifies a maximum of $18,418.49 in lost profits) and Plaintiff's chart (which identifies a maximum of $148,420.49 in lost profits). (*Id.*) None of the parties have objected to Judge Goodman's report and recommendations.

A district court judge must conduct a de novo review of only "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636. Where no objections are made, a report may be adopted in full without conducting a de novo review, provided no plain error exists. *See id.*; *Menendez v. Naples Cmty. Hosp. Inc.*, No. 2:20-CV-898-SPC-MRM, 2021 U.S. Dist. LEXIS 215317, 2021 WL 5178496, at *1 (M.D. Fla. Nov. 8, 2021) (collecting cases).

The Court has considered Judge Goodman's report, the record, and the relevant legal authorities. The Court finds Judge Goodman's report and recommendations cogent and compelling. As a threshold matter, the Plaintiff's motion identified 177 Defaulting Defendants: Defendant Nos. 72–75, 77–160, 162–68, 170–171, 175–178, 180, 182, 185, 186, 193, 200–02, 204, 210, 213, 214, 218, 220, 224–26, 231, 235–37, 239, 241, 243, 245, 246, 248–58, 260, 262, 263, 269, 270, 273, 274, 276, 279, 280, 281, 283, 285, 287–89, 295, 297, 301, 304, 305, 308–10, 315–19, 322, 324, 335, 337, 338, 340, 341, 345, 351, and 354. (ECF No. 99 at pp. 21-30.) However, five of those defendants that have been dismissed from this case: Defendant 73 (Fuarscs Beauty Official Store") (ECF No. 121), Defendant 176 (altatac) (ECF No. 96), Defendant 237 (jkatang) (ECF No. 102), Defendant 280 (star61172) (ECF No 131), and Defendant 304 (wenfindsmore, also known as Victor Hugo Rodriguez) (ECF No. 128). Accordingly, only 172 Defaulting Defendants remain. Judge Goodman's report and recommendations only acknowledged the dismissal of Defendants 73 and 304, and therefore "evaluate[d] the issues based only on the remaining 175 Defaulting Defendants." (ECF No. 127 at 1-2, n.1.) Only to the extent that Judge Goodman's report and recommendations apply to Defendants 176 (altatac), 237 (jkatang), and 280 (star61172), the Court **declines to adopt** the report and recommendations.[2]

Otherwise, for the Defaulting Defendants that have not been dismissed from this case, the Court **affirms and adopts** Judge Goodman's report and recommendations. (**ECF No. 127**.) The Court **grants in part** the Plaintiff's motion (**ECF No. 99**) and awards the Plaintiff the requested monetary

---

[2] Only Defendant 280 is listed in the Plaintiff's supplemental chart. (*See* ECF No. 99-15.)

damages—with the exception of the dismissed Defaulting Defendants and Defendant No. 79, whose damages should be limited to $18,418.49.

Therefore, the Court being otherwise fully advised, it is hereby **ordered** and **adjudged** that **final** judgment is entered in favor of Plaintiff Foreo and against the Defaulting Defendants:

(1) Permanent Injunctive Relief:

Defendants and their officers, directors, employees, agents, subsidiaries, distributors, and all persons acting in concert and participation with Defendants are hereby permanently restrained and enjoined from:

(a) manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell unauthorized and unlicensed products which utilize the technology of and inventions claimed in, and/or embody the design of Plaintiff's patents identified in Paragraph 1 of the Complaint (the "Foreo Patents") (Dkt. 1);

(b) From making, using, selling, importing and/or offering to sell products that embody U.S. Design Patent Nos. US D698,455 S, US D716,961 S, US D734,481 S, S D774,772 S, US D771,952 S, US D882,104 S, US D882,810 S, US D773,064 S, US D760,912 S, US D799,711 S, and US D776,438 S (collectively, the "Design Patents");

(c) From:
  i. passing off, inducing, or enabling others to sell or pass off any product as a genuine Foreo product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's Foreo Patents;
  ii. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;
  iii. further infringing Plaintiff's Foreo Patents and damaging Plaintiff's goodwill;
  iv. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which embody or infringe Plaintiff's Foreo Patents or any reproductions or colorable imitations thereof;
  v. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the

    Internet Stores, or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell counterfeit Foreo products;

  vi. operating and/or hosting websites at the Internet Stores or any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product infringing Plaintiff's Foreo Patents or any reproductions or colorable imitations thereof that is not a genuine Foreo Product or not authorized by Plaintiff to be sold in connection with Plaintiff's Foreo Patents; and

  vii. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

(2) Additional Equitable Relief:

 (a) Upon Plaintiff's request, the Internet marketplace website operators and/or administrators for the Internet based e-commerce stores operating under the seller identification names identified on Schedule "A" hereto (the "Seller IDs"), including but not limited to Hong Kong Limited, which operates the AliExpress.com platform, Amazon, DHgate, eBay, Etsy, Walmart.com, and ContextLogic, Inc., which operates the Wish platform, shall permanently remove any and all listings and associated images of goods infringing the Foreo Patents via the e-commerce stores operating under the Seller IDs, and any other listings and images of goods infringing the Foreo Patents associated with the same sellers or linked to any other alias seller identification names or e-commerce stores being used and/or controlled by Defendants to promote, offer for sale and/or sell goods infringing the Foreo Patents; and

 (b) Upon Plaintiff's request, any Internet marketplace website operator and/or administrator who is in possession, custody, or control of Defendants' goods infringing the Foreo Patents, including but not limited to Hong Kong Limited, which operates the AliExpress.com platform, Amazon, DHgate, eBay, Etsy, Walmart.com, and ContextLogic, Inc., which operates the Wish platform, shall permanently cease fulfillment of and sequester those goods, and surrender the same to Plaintiff.

The bond posted by Plaintiff in the amount of $10,000.00 is hereby ordered to be released by the Clerk.

**Done and ordered** in Miami, Florida, on May 14, 2024.

_____
Robert N. Scola, Jr.
United States District Judge